Battle, J.
 

 As early as the time of Lord Coke, it was held in
 
 Wild's
 
 case, 6 Rep. 17, that where lands are devised to a person and his children, and he has no child at the time of the devise, the parent takes an estate tail; for it is said that “the intent of the devisor is manifest and certain that the children (or issues) should take, and, as immediate devisees, they cannot take, because they are not in
 
 rerum natura
 
 / and by way of remainder they cannot take, for that was not his (the devisor’s) intent, for the gift is immediate; therefore such words shall be taken as -words of limitation.” But, it is said in the same case, that “if a man devise land to A and his
 
 *90
 
 children or issue, and he then has issne of his body, there, his express intent may take effect according to the rule of the common law, and no manifest and certain intent appears in the will to the contrary; and, therefore, in such case, they shall have but a joint estate for life.” See also Co. Litt. 9 a. This doctrine was recognized and made the rule of decision in the case of
 
 Oates
 
 v.
 
 Jackson,
 
 7 Modern Rep. 439; S. C. 2 Strange’s Rep. 1172. There, the testator devised lands to his ‘wife for her life, and after her decease, to his daughter B and her children, on her body begotten, or to be begotten by W, her husband, and their heirs forever. B, the daughter, had one child at the date of the will, and afterwards others; and it was held that she took jointly, with them, an estate in fee. See also
 
 Annable
 
 v.
 
 Patch,
 
 3 Pick. Rep. 360, where the same doctrine has been adopted in Massachusetts.
 

 The same rule applies to be.quests of personalty to a mother and her children, and if there be children living at the death of the testator, she and her children will take equally, unless there be something peculiar in the will, indicative of an intention in the testator that she should take for life with a remainder over to the children; 2 Jar. on Wills, 316 and 317;
 
 Davis
 
 v.
 
 Cain,
 
 1 Ire. Eq. Rep. 304;
 
 Chesnut
 
 v. Mears, (in Equity) decided at the present term.
 

 In the case now before us, there is nothing to prevent the application of the rule ; on the contrary, it is manifest from the will, that the testator intended that his daughter and her children should take together the house and lots and other lands which he devised to them. The children were living at the time the will was made, and also at the death of the testator, and the words of the devise are
 
 in presentí, “
 
 to her and her children forever.” In another part of his will, he gives to his son a tract of land, to him, “his heirs and assigns forever,” showing that he well knew how to use words of limitation for the purpose of conferring upon his son an estate in fee.
 

 The judgment of the Superior Court is reversed, and upon the case agreed, judgment is given here for the plaintiff; and
 
 *91
 
 this must be certified to the court below, for the purpose of enabling him to have an enquiry of his damages.
 

 Per Curiam, Judgment reversed.