MaNlt, J.
 

 The object of the bill is to obtain an account of a trust fund created by the deed of Henry Baker, under date 16th of May, 1819, and to obtain a sale and distribution of the same to the persons entitled under said deed. In the accomplishment of these objects, a construction of the deed is necessarily involved, and we are accordingly invoked by the pleadings, to aid the trustee in putting a proper construction upon it The trustee submits to an account, but informs the Court that Elizabeth Gay had several children
 
 J)om at the execution of the deed,
 
 one born within the ordinary period of gestation after, and several
 
 subsequent
 
 to that period, and inquires who of them are entitled.
 

 We have considered the terms of the deed, and conclude that the children in being, at the execution of the deed, including the one “en ventre” alone take, to the exclusion of the others. The payment to Jamos, of one hundred and twenty-five dollars, which was a charge upon the fund, having been made, it will follow that the mother, Elizabeth, and the class of children designated, or their representatives, are entitled to absoluto interests in the fund, as tenants in common. After payment of the charge upon the fund, it was a naked, or executed trust in the hands of Baker, which he might, at any moment, have been called upon to surrender, and, it is therefore, to be considered as a legal estate, and vests in such persons as answer the description of the donees, and are capable of taking at the time.
 

 It differs from the cases cited in the argument, viz;
 
 Ponton
 
 v.
 
 McLemore,
 
 2 Dev. and Bat. 285;
 
 Chesnut
 
 v.
 
 Meares, 3
 
 
 *347
 
 Jones’ Eq. 416, and
 
 Coakley
 
 v. Daniel, 4 Jones’ Eq. 89. In these, it will be found, that the trusts were either open and executory in their nature, or there was an intention, more or less manifest in the terms of the gifts or bequests, to divide the donees into classes, making one the primary, and the other the secondary objects of the gifts.
 

 But, in the case now before us, such is not the character of the trust, nor have we been able to gather from the terms used, any intention to give in succession, to the daughter the use for life, and then to her children; in which all after-born children would have taken. The donor has taken care, indeed, to express a different purpose, by declaring in one place, that the -daughter shall have the use,
 
 together with
 
 the children, and, in another, that the whole equitable interest shall belong to the,daughter and her children m
 
 common.
 

 We
 
 do not feel at liberty, however much inclined to do so, for the sake of equality, to infer an intent contrary to the established interpretation of the words used. The case is analogous to, and is controlled by the authority of
 
 Moore
 
 v. Leach, 5 Jones’ Rep. 88.
 

 Although, by a grant or common law conveyance, nothing could be transferred directly to a child in the womb, for the reason that it could not be a party to such an instrument, yet, in a conveyance to uses, it was otherwise; for then the legal estate vesting in the trustee, the rule of the common law was supposed to be satisfied, and the use was allowed to shift, so as to include a child in the womb. This was, as I understand it, an indirect adoption of the more humane and practical rule of the civil code which regarded a child in the womb as already born for all beneficial purposes.
 

 The case of
 
 Dupre
 
 v. Dupre, Busb. Eq. 164, is not opposed to the rule of construction here laid down, but will be found, upon examination, to be in accordance with it.
 

 Our conclusion, then, is that Elizabeth Gay and her children, born and living at the execution of the deed, and the one
 
 en ventre sa
 
 mere, (or if any be dead, the representative
 
 *348
 
 of such.) are enlifled to the
 
 absolute
 
 estate
 
 in the
 
 trust fund, as tenants in common.
 

 The parties can have a decree for the sale of the real estate belonging to the fund, and for an account and distribution of the entire fund according to the construction here given to the deed.
 

 Pee Oubiam, Decree accordingly.