GIDEON HAMPTON et al. v. W. H. WHEELER.

*Will—Tenants in Common—Statute of Limitations.*

Devise of land to wife for life, and after her death one half to one of testator's daughters and the other half to H and wife (the other daughter), and their children. There were seven children living at the time of testator's death. H and wife sold, and the defendant holds under *mesne* conveyances from them ; *Held*, that the children (plaintiffs) were tenants in common with their parents, and having asserted their claim within twenty years, the statute is no bar to their right to recover their share of the land—one-ninth each.

CIVIL ACTION, tried at Fall Term, 1887, of FORSYTH Superior Court, before *Gilmer, J.*

It appears that Christian Reich died prior to 1864, leaving a last will and testament, which was duly proven. The following is a copy of so much of this will as it is necessary to set forth here :

"1. I give and bequeath to my beloved wife, Isabella Reich, my home plantation, containing fifty acres, together with all improvements thereon during her life-time.

2. After the death of my beloved wife, I will that one-half of the home plantation and all improvements be the property of my beloved daughter, Nancy Reich, and the other half of my home plantation and all improvements to be the

property of Alfred Hampton and his wife, Jureda Reich, and their children."

Isabella Reich, the surviving widow, died in the year 1864. Alfred Hampton and his wife, Jureda, died—the former in 1878, the wife in 1885. In their life-time, on the 7th day of May, 1866, they executed a deed purporting to convey the land mentioned in the clauses of the will above set forth to William Reed. He thereupon at once took possession of the land and occupied the same about three years, and then sold and purported to convey the same to C. S. Bauner, who afterwards, in 1869, died intestate, and, afterwards in 1870, his administrator sold the same in fee to the defendant, who has been in possession, holding adversely, since that time.

The plaintiffs are the children of said Alfred Hampton and his said wife; and they were all in being at the death of the testator; and the youngest of them attained his majority more than three years next before the commencement of this action. They bring the action to recover possession of the land and "contend that by a proper construction of the will the plaintiffs took a fee simple estate in the lands, subject to the life estate of Isabella Reich and Alfred Hampton and wife."

Defendant contends:

"1. That Alfred Hampton and wife had a right to claim by their deed a fee simple estate, and defendant acquired a good title to the same.

2. That if not a perfect title vested in Alfred Hampton and wife, they at least took an estate in common with the plaintiffs.

3. That defendant's title, if not perfect, has ripened into a good title by long adverse possession under color of title."

The Court was of opinion on the case agreed, that the plaintiffs are not the owners, nor entitled to the possession of the premises described in the complaint, their interest therein having been barred by the statute of limitations,

and that by reason of his deed in fee, the defendant is the owner and entitled to the possession of said lands.

The plaintiffs excepted. There was judgment against them, from which they appealed to this Court.

*Mr. Robt. B. Glenn*, for plaintiffs.
*Mr. J. C. Buxton*, for defendant.

MERRIMON, J., (after stating the case). The clauses above recited of the will mentioned, are not affected as to their meaning by any other clause of it, or by anything appearing in it in terms or by implication. They are to be construed as they appear.

The mere fact that the quantity of land devised was small —but fifty acres—that the testator devised to one of his daughters one-half of it, to the other, her husband and their children the other half, subject to the life estate of his widow, cannot reasonably be allowed to so affect and change the plain meaning of the words employed as to make them imply that the testator intended to devise one-half of his land, subject to the life estate of his widow, to the husband and wife for life, remainder in fee to their children.

The considerations mentioned, if they could be allowed to affect the meaning of the words used at all, would rather suggest that the testator intended to give his married daughter one-half of the land on which she would live with her family, but any departure from the ordinary meaning of the words could only give rise to mere speculative conjecture that could have no just weight or effect.

The real purpose of the testator seems to have been that his daughter, her husband and their children should own the land jointly, and for their common benefit—perhaps a place on which they could live and have a common home. He probably did not look beyond this to see what might be the strict legal rights of the devisees severally. He wanted his

daughter and her family to share what he had after the death of his wife. The rules of law applicable must now determine the legal meaning and effect of the clauses of his will in question.

Then, as Alfred Hampton, his wife and their children were all alive at the time the will took effect, they, under the clauses of it mentioned, took the fee simple estate in one-half of the land as tenants in common, except that the husband and wife took as to themselves by entireties, subject to the life estate of the widow of the testator. It would be otherwise, if at the time the will took effect the husband and wife had no children and there were no children or representatives of deceased children. The rule applicable is clearly settled, and we need not here advert further to it. *Moore* v. *Leach,* 5 Jones, 88; *Chesnut* v. *Meares,* 3 Jones Eq., 416; *Gay* v. *Baker,* 5 Jones Eq., 344; *Hunt* v. *Satterwhite,* 85 N. C., 74.

There were seven children of the husband and wife. The latter took under the will two-ninths of the land, as indicated above. Their deed of conveyance to William Reed, although it purported to convey to him the fee simple estate in the whole of the land, only had the effect to pass such estate as they had—two-ninths. The estate of the children remained in them, and they became tenants in common with William Reed, and such tenants with the defendant claiming to derive title from him, unless the defendant has in some way obtained title as against the plaintiffs by adverse possession.

It is said in the case stated on appeal that the defendant has been in possession of the land, claiming under his deed and holding adversely, since 1870. It does not, however, appear that such adverse possession was other than that the defendant simply had the actual possession of the common property, and applied the rents and profits to his own use.

This is not such possession as to the plaintiffs, tenants in common with the defendant, as with color of title and seven

15

years' adverse possession will give him a good title as against his co-tenants.

He is presumed, in such case, to hold by his rightful title and his possession is not adverse to, but that of, his co-tenants, as well as his own, until the lapse of twenty years, when, by such continuous possession, his title to the whole land becomes absolute and good as against his co-tenants. This is well settled in this State. *Caldwell* v. *Neely*, 81 N. C., 114; *Ward* v. *Farmer*, 92 N. C., 93; *Hicks* v. *Bullock*, 96 N. C., 164; *Page* v. *Branch*, 97 N. C., 97; *Breeden* v. *McLauren*, 98 N. C., 307.

So the defendants' title to the land in question was not rendered perfect by seven years' adverse possession up to known visible lines and boundaries with color of title; nor by twenty years' adverse possession as to the plaintiffs, his co-tenants in common, (for, under the statute, the time from May, 1861, to January 1st, 1870, is excluded). The plaintiffs are therefore entitled to be let into possession with the defendant as tenants in common with him according to their respective rights.

The judgment must be reversed and judgment entered in accordance with this opinion.

Error.