E. J. HEATH AND WIFE, ANNIE M., v. EVA HEATH et al.

*Construction of Deed—Grantee In Esse—Unborn Children.*

Under a deed to a woman "and her children" a child *en ventre sa mere* at the date of the conveyance will take, but children born more than a year thereafter will not.

PETITION for the sale for partition of land, filed before the Clerk of MECKLENBURG Superior Court and, upon demurrer being filed by defendants, transferred to the Judge of the District and heard by consent before *McIver, J.,* at Chambers in Hendersonville, December 5, 1893.

The petition alleged that Joseph McLaughlin by deed dated in January, 1881, conveyed the land described in the petition to the *feme* plaintiff, Annie M. Heath, "and her children."

"2. That at the time said deed was executed by the said

Joseph McLaughlin, the father of the said *feme* plaintiff, she had no child born, but the defendant Eva Heath was born within two months from the date of said deed; and the other defendants, Eula Heath, Henry Heath and Etta Heath, were born to the said *feme* plaintiff and her husband, E. J. Heath, more than twelve months from the date of said deed.

"3. That the *feme* plaintiff and the defendant Eva Heath are seized and possessed of said lands in fee-simple, as tenants in common, as the plaintiffs are advised and believe, each being entitled to an undivided one-half interest therein, under the deed from the said Joseph McLaughlin, as aforesaid; the other defendants having no interest in said lands, but claiming to be tenants in common with the *feme* plaintiff therein.

"4. That the *feme* plaintiff desires to hold her share of said land in severalty, and that actual partition thereof cannot be made without great detriment to the parties concerned.

"5. That all of the defendants are the children of the *feme* plaintiff and her husband and co-plaintiff, E. J. Heath, and are all minors under the age of twenty-one years."

A guardian *ad litem* was appointed for the infant defendants, Eula, Henry and Etta, who demurred to the petition upon the following grounds:

"1. For that it appears from the facts set forth in the petition and Exhibit 'A' attached thereto that these defendants are tenants in common with their co-defendant and the *feme* plaintiff in the lands described in said petition and entitled to share in the proceeds of a sale of the same for partition.

"2. For that it appears from the facts set forth in the petition and exhibit (deed) attached thereto that all of the

children of the *feme* plaintiff, now born or hereafter to be born, are or will become tenants in common with the *feme* plaintiff in the lands described in said petition, and as the *feme* plaintiff and her said husband are living partition of said land cannot be had until possibility of issue by her shall become extinct."

His Honor overruled the demurrer and remanded the case to the Clerk to be proceeded with, and from this judgment the defendants Eula, Henry and Etta appealed.

*Messrs. Walker & Cansler*, for plaintiffs.

*Mr. H. H. Covington*, for defendants (other than Eva Heath) (appellants).

SHEPHERD, C. J.: In the case of *Dupree* v. *Dupree* (Busb. Eq., 164) it was decided that by a conveyance like the present where a child *en ventre sa mere* is to take directly and not in succession the child can take nothing. The reason assigned by PEARSON, J., is because "there being no trustee to keep the uses open, the conveyance must take effect immediately or not at all." "There must be a grantor and a grantee and a thing granted." Although it appeared, as it probably does in this case, that the children to be thereafter born were to take as tenants in common with their parent, the principle above mentioned, after a learned discussion, was applied in the following language: "We have no sort of doubt that the grantor intended all the children of Robert and Rachel Dupree, * * * without reference to the time of their births, to be participants of her bounty; and the only regret is that she did not call upon a lawyer who would have drawn a conveyance passing the property to a trustee by which the uses could have been kept open until the death of Mrs. Dupree so as to let in all of her children. But she chose to make a common

law conveyance directly to the children; and of course no other could take under her deed of gift except those *in esse,* or, as my Lord COKE expresses it, *in rerum natura,* when the right of property passed out of her, to-wit, at the date of the deed of gift." See also, *Gay* v. *Baker,* 5 Jones' Eq., 344; *Hunt* v. *Satterthwate,* 85 N. C., 73; *Hampton* v. *Wheeler,* 99 N. C., 222; 1 Delvin Deeds, sec. 123.

The law as thus declared is still in force and is only modified in so far as it affects a child *en ventre sa mere. The Code,* §1328. From this it must follow that Eva, who was *en ventre sa mere* at the date of the conveyance, is the only child who takes any estate thereunder. For a full discussion of the subject the reader is referred to *Dupree* v. *Dupree, supra.* The judgment must be            Affirmed.