(Franklin County Common Pleas.)

January 31, 1898.

ANNA E. C. MOUSHAND v. MARGARETHA RODETZKY et al.

---

Where the will devised testator's real and personal property, first, to his wife, Margaretha, for life, and then to his only child, Anna E. C., to her children and grand-children or their legal representatives. Held: That the devise must be construed to give the daughter Anna a fee in the property, and it appearing that she had neither children nor grandchildren at the time the will was executed, or at the death of the testator, and that she had no child en ventre sa mere at the last named time, the fee to the whole property was vested in her by the devise. If the last fact, that there was no child en ventre sa mere, is not set out in the petition, the same should be amended.

The use of the term "grandchildren" as well as "children" makes it manifest that the testator used them both in the sense of heirs. The term "children" is usually a word of purchase, and not of limitation. But when it is used as the synonym of the term "heirs," it is a word of limitation.

---

PUGH, J.

The object of this action is to obtain a construction of the will of August Rodetzky.

By that will, he devised his real and personal property, first, to his wife, Margaretha, for life, and then to his only child and daughter, Anna E. C., now Anna E. C. Moushand, the plaintiff, and to her children and grand-children or their legal representatives.

The question is, what kind of an estate was, or is vested in Anna, the plaintiff? Is it a life estate, or is it a fee simple?

Anna is a married woman; but at the death of this testator she had no children or grand-children; nor had she any at the date of the will.

There are two, perhaps three, lines of authorities, which have passed on questions like these; each of which is the antipode of the other.

By one it is adjudged that a devise or grant to a parent and his or her children makes the children tenants in common with their parent. But only the children in being and living at the time of the conveyance or death of the testator, including a child en ventre sa mere, take under the deed or devise, unless they include children thereafter to be born.

Before the abolition of joint tenancies, or rather before the quality of survivorship was extracted from joint tenancies, such a conveyance or devise created a joint tenancy in the parent and children.

This construction originated in Wild's Case, 6 Co., 1, a. and b.

Other courts have adopted a similar construction, as these authorities will show:

Cook v. Cook, 2 Vern., 545; Braffar v. Bradford, 2 Atk., 221; Read v. Willis, 1 Collier, 87; Morton v. Tewartm, 2 Yo. and Coll. Ch.,81-2; Payne v. Franklin, 5 Sim., 458; DeWitte v.DeWitte,11 Sim.,41; Paine v. Wagner, 12 Sim.,188; Faloon v. Simeshouser, 130 Ill.,649; 22 N. E. Rep., 835; Glass v. Case,71 Ind., 392; Heath v.

Heath, 114 N. C., 547; 19 S. E. Rep., 155; Dupree v. Dupree, Busbee (N. C.) Eq., 164; 59 Am. Dec., 590; Powell v. Morrisey, 84 N. C., 421; 78 Am. Dec., 229; Hampton v. Wheeler, 99 N. C., 222; 6 S. E. Rep., 236; Estate of Utz, 43 Cal,. 200; Lord v. Moore, 20 Conn., 122; Hoyle v. Jones, 35 Ga., 40; Allen v. Hoyt, 5 Metc., 324; Allen v. Claybrook, 58 Mo., 124; Merryman v. Merryman, 5 Munf., 440; Jones v. Jones, 2 Beav., 234; Graham v. Flewr, 13 S. & R., 439; Turner v. Patterson, 5 Dana, 292; Annable v. Patch, 3 Pick., 360.

But the other group of authorities decides that a conveyance or devise to a parent and his children vests a life estate only in the parent, with remainder in fee to the children as a class, so that those in being at the date of the deed or death of the testator, as well as those subsequently born, are entitled to take in distribution on the termination of the life estate.

Coursey v. Davis, 46 Pa. St., 25; 84 Am. Dec., 519; White v. Williamson, 2 Grant., 249; Wolford v. Morgenthal, 91 Pa. St., 30; Tyler v. Moore, 17 Atl., 216; Smith v. Upton, 13 S. W. Rep., 721.

The most skillful casuist can see no reason for the construction adopted by these cases, except in one class of cases.

When the deed or will is made by the father or mother of the children granting or devising the property to the other parent and children, it might be presumed that he or she intended to provide for the children as well as the other parent; and that it was not intended that the property should pass to strangers in blood to the grantor or devisor, as it might when the other construction is adopted.

But this is a mere academic presumption.

When the grant or devise is to A. and his or her children, there is no way of torturing the language into meaning that A. only takes a life estate. That is not its natural and ordinary signification. Unless a course of decisions has placed a technical or artificial construction upon such phraseology, a court is not warranted in departing from its ordinary and natural signification.

There is another consideration. The use of the term "grand-children" as well as children makes it manifest that the testator used them both in the sense of heirs. The term "children" is usually a word of purchase and not of limitation. But when it is used as the synonym of the term "heirs," it is a word of limitation.

The joint use of the terms children and grand-children in this will manifests that the term children was intended to signify the heirs of the testator.

That being so, a fee simple was vested in Anna, the plaintiff.

My conclusion is, that the devise in Rodetzky's will must be construed to give his daughter Anna, a fee in the property, and since the petition discloses that she had neither children nor grand-children at the time the will was executed, or at the death of the testator, and that she had no child en ventre sa mere at the last named time, the fee to the whole property was vested in her by the devise. The last fact, namely, that she had then no child en ventre sa mere, is not shown by the petition, but I assume it can be. I believe the petition does not show that, and you will have to amend the petition in that respect. If the petition is so amended, a decree construing the will according to this opinion may be drawn.

If I am wrong about this construction, this decree is of no protection to this plaintiff. If she has only a life estate, this decree would not prevent the children, if she ever has any, from asserting a right to this property. If she had the fee tail, of course the fee simple would be in her issue, she being the first donee.