A. F. HOUCK and Wife *et al.* v. S. L. PATTERSON, Executor of
James C. Horton.

(Decided June 7, 1900.)

*Will—Construction.*

1. In construing wills, there is no better rule than to find out the
   intention of the testator.

2. Testator devised: "I give to my three children and their
   children, namely Amelia Ann Cowles, Margaret Rebecca Houck
   and James Dickson Horton, all my lands after the death of
   myself and wife, to be equally divided into three lots of equal
   value as near as may be. My children above named to have
   the entire control and use of the lands allotted to each of
   them, and in case either one of them should die and all of
   their children, then, and in that case, their lot or lots of
   land given under this will, shall revert back to the survivors
   of my children or their children." The son died during life
   of his father: *Held*, that the daughters are seized in fee of
   one-half interest each in the lands devised. This case dis-
   tinguished from *Moore v. Leach*, 50 N. C., 88.

PARTITION PROCEEDINGS, involving the construction of the
devise contained in the will of James C. Horton, heard before
*McNeill, J.,* at Spring Term, 1899, of the Superior Court
of CALDWELL County.

A copy of the devise is contained in the opinion. One of
the devisees, James Dickson Horton, died without issue in
lifetime of his father. His Honor decided that Amelia Ann
Cowles and her children were tenants in common in fee in
one-half of the land, and that Margaret Rebecca Houck and
her children were tenants in common in fee in the other half.

The executor excepted and appealed.

Both sides appealed.

*Mr. Edmund Jones,* for defendant.
No counsel for plaintiff.

HOUCK *v.* PATTERSON.

FAIRCLOTH, C. J.    This is a friendly action for partition, brought here for construction of J. C. Horton's will, which is as follows: "I give to my three children and their children, namely, Amelia Ann Cowles, Margaret Rebecca Houck and James Dickson Horton, all my lands after the death of myself and wife, to be equally divided into three lots of equal value, as near as may be.    My children above named to have the entire control and use of the lands allotted to each one of them, and in case either one of them should die, and all of their children, then, and in that case, their lot or lots of land given under this will shall revert back to the survivors of my children or their children."

Each daughter has children living.    James Dickson Horton disappeared in 1889, and has not been heard from since. The Clerk adjudged that he died without issue.    On appeal, his Honor adjudged that Margaret Houck and her children are tenants in common, and owners in fee, of an undivided one-half interest in the lands described in the complaint, and that Amelia Cowles and her children are tenants in common in fee of the other undivided one-half.    Appeal by both parties.

The question then is, do Amelia Cowles and her children hold as tenants in common, or does Amelia have an estate in fee, and so with Margaret Houck?    We have no better rule in construing wills than to find the intention of the testator.

In *Moore v. Leach,* 50 N. C., 88, the devise was "to his daughter and her children," she having children at the date of the will; the Court held, nothing appearing in the will to manifest a contrary intention, that the daughter and her children took a joint estate in fee.

In the present case we think that by looking at all the parts of the will a different intention is manifest.    The direction is that the land be divided into *"three* lots of equal value."

"My *children* above named to have control," etc., of the lands allotted "to *each one* of them," and in the event of death, the land to revert back to "the survivors of *my children* and their children."

We think the testator's intention was to give his lands to his three children, and if either of the three should predecease him leaving children, then those last-named children should take the same that their parent would have taken if he or she had survived the testator.

Our conclusion is that Amelia Cowles and Margaret Houck are seized in fee of one-half interest each in the lands described in the complaint. This disposes of the executor's appeal also. This will be certified so that the parties may proceed according to this opinion.

Reversed.