ELIZABETH WHITEHEAD et al. v. MARY ELIZA WEAVER et al.

(Filed 29 September, 1910.)

Estates—Remainders—Deeds and Conveyances—Interpretation.

An estate to D. for life, then to W. and the children of P., the said W. surviving the life tenant; *Held*, W. and the eight children of P. held in common an undivided one-ninth interest, each; and at the time of proceedings in partition the said W. being dead, her one-ninth interest descended to her three children.

APPEAL from *Guion, J.,* at the February Term, 1910, of WILSON.

The facts are stated in the opinion.

Appeal by defendants from the clerk of Superior Court of Wilson in a petition for partition. Both parties claim under a deed from S. A. Woodard, 21 January, 1884, to Jesse P. Dixon and wife, Elizabeth, for 400 acres. The habendum is as follows: "To have and to hold, to them, the said Jesse P. Dixon and wife, for life, and the life of each of them, and after the death of the

survivor, then to the living sister and the children of the deceased sister or sisters of the said Elizabeth Dixon, in fee, and in the event of the death of the living sister of the said Elizabeth Dixon without issue living at her death, before the death of the said Jesse P. Dixon and wife, and both of them, then the whole of the said land shall go to the children of the other sister in fee.

"The purpose of this deed is to vest the title of the said land in the said Jesse P. Dixon and wife for their joint lives, then in the survivor for his or her life, and then in Polly Whitehead and the children of Penina Dixon, deceased, and if at the death of the said Dixon and wife, or the survivor, the said Polly Whitehead shall be dead without issue living at her death, then to the children of the said Penina Dixon in fee simple."

Jesse P. Dixon and wife are dead. Polly Whitehead had since died, leaving three children, these plaintiffs. The defendants are the eight "children of Penina Dixon." The clerk adjudged that Polly Whitehead was seised of one-ninth undivided interest in the land. The judge reversed this and held that she was owner of an undivided one-half, and the defendants appealed.

*Pou & Finch* and *Murray Allen* for plaintiffs.
*Daniels & Swindell* for defendants.

CLARK, C. J. The conveyance of the remainder to "Polly Whitehead and the children of Penina Dixon, deceased," vested such remainder in fee in them as tenants in common, an undivided one-ninth interest to each, there being eight children of Penina Dixon. Upon the death of Polly Whitehead, who died after the life tenancy ceased, her undivided one-ninth descended to her three children, the plaintiffs herein.

In *Helms v. Austin,* 116 N. C., 752, a deed to "Sarah Staton and her children" was held to convey a fee simple to said Sarah and children as tenants in common. This was cited and approved. *Darden v. Timberlake,* 139 N. C., 182.

In *King v. Stokes,* 125 N. C., 514, the words "Unto Alfred May during the term of his natural life, and after his death to his wife, the said Ida Eugenia, and her children" were held to

confer a remainder upon said wife and children as tenants in common. In *Gay v. Baker,* 58 N. C., 344, the conveyance in trust for a woman and her children was held to make the mother and children tenants in common. The same construction was held as to a devise in *Moore v. Leach,* 50 N. C., 88; *Hunt v. Satterwhite,* 85 N. C., 73; *Hampton v. Wheeler,* 99 N. C., 222.

In *Silliman v. Whitaker,* 119 N. C., 89, it was held that a devise to "S. and her children, if she shall have any," vested the title in S. and her children as tenants in common.

The ruling below that the devise carried a half interest to Polly Whitehead must be

Reversed.