### JOSEPH LEWIS ET AL. v. G. A. STANCIL.

(Filed 15 March, 1911.)

**Wills—Interpretation—Devisee and Children—Tenants in Common.**
Under a devise of certain lands to testator's grandson, "to him and his children born in lawful wedlock," the grandson and his children living at the time of the testator's death acquire the fee to the lands as tenants in common in equal portions.

HOKE and BROWN, JJ., dissenting.

APPEAL by defendant from *Ward, J.,* at September Term, 1910, of PITT.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*Jarvis & Blow and Harry Skinner for plaintiffs.*
*F. G. James & Son and Moore & Long for defendant.*

CLARK, C. J. Benjamin Pollard devised the land in question to his grandson, Joseph A. Lewis, in the following language: "I give and devise to my grandson, Joseph A. Lewis, that part of my house tract of land (describing it), to him and his children, born in wedlock, forever."

On the death of Pollard, Lewis entered into possession of the land and subsequently mortgaged the same. It was sold under said mortgage and bought by the defendant, Stancil. At the death of Pollard, Joseph A. Lewis had four children living. His Honor adjudged that under the devise said Lewis and his four children living at the death of his testator took the land

in fee as tenants in common, and adjudged that the plaintiffs, being said children and their representatives, were entitled to recover four-fifths interest in said land as tenants in common with the defendant, who was entitled as purchaser from said Joseph A. Lewis to his own one-fifth. The amount of the recovery for the mesne profits was agreed upon, provided the judgment was sustained, that the plaintiffs were entitled to recover four-fifths of the land as above set out, and the sole assignment of error is that the court held that the defendant Stancil was a tenant in common of only one-fifth of said land, and that the plaintiffs were owners of the other four-fifths.

The ruling of his Honor is in conformity with the uniform decisions of this Court. In *Silliman v. Whitaker,* 119 N. C., 92, it was said: "It was settled in *Wild's case,* 6 Rep., 17 (3 Coke, 288), decided 41 Elizabeth, that a devise to B. and his or her children, B. having no children when the testator died, is an estate tail. If he have children at that time, the children take as joint tenants with the parent. This has been uniformly held in England." The late case in the House of Lords, *Clifford v. Koe,* 5 App., 447, was cited, which approved *Wild's case,* opinions being delivered *seriatim* by *Lord Chancellor Selborne, Lord Hatherly, Lord Blackburn,* and *Lord Watson,* who unanimously sustained *Wild's case,* stating that "for these three hundred years it has been the uniform ruling in England."

In *Silliman v. Whitaker, supra,* the Court cited and reviewed numerous North Carolina cases to the same effect. At last term, in *Whitehead v. Weaver,* 153 N. C., 88, the subject was again reviewed, citing *Silliman v. Whitaker,* and adding to the cases therein quoted *Helms v. Austin,* 116 N. C., 752, and *King v. Stokes,* 125 N. C., 514. The present case is stronger than most of those above cited, for here the devise is to Lewis and his lawful children forever, showing that Lewis took his share in fee simple, "forever," and there can be no room to contend that he took a life estate.

The decision of his Honor must be

Affirmed.

HOKE, J., dissenting: I concur in the general propositions of law stated by the Court in this case, but am of opinion that on the language of the will and a perusal of the entire instrument the testator intended his grandson, Joseph Lewis, to take a life estate, with remainder in fee to his children, born in lawful wedlock; and that by correct interpretation this devise should be so construed.

BROWN, J., concurs in this dissent.