NATHAN L. CULLENS ET AL. v. WILLIAM E. CULLENS AND J. W. PERRY.

(Filed 19 February, 1913.)

1. **Deeds and Conveyances—Grantee's Children—Tenants in Common.**

Under a deed to lands made to a woman and her children, the grantee named, and her children living at the date of the deed, including one *in ventre sa mère*, take as tenants in common.

2. **Deeds and Conveyances—Prior to 1879—Heirs—Estates for Life.**

In the premises of a conveyance of lands made prior to 1879, the language of the deed was "unto C. and her children"; in the habendum, "unto her, the said C., and her children forever." The word "heirs" did not appear in the deed in connection with the grantees, though the warranty was that of the grantor, "his heirs and assigns": *Held*, at the time of making the deed it was necessary to pass the fee that the word "heirs" be used in connection with the title passed to the grantee, and that the grantees in the deed in question took only a life estate.

3. **Same—Equity—Mistake—Pleadings—Proof.**

Where a deed to lands made prior to 1879 passed only a life estate, by reason of the word "heirs" not having been used in connection with the grantee's title, and no equitable relief is alleged or proved on the ground of mistake, none may be granted.

APPEAL from *Webb, J.,* at October Term, 1912, of HERTFORD.

Petition for partition of land, commenced before the clerk of the Superior Court of Hertford County and tried upon issues joined before his Honor, *Judge Webb,* at October Term, 1912.

The plaintiffs allege that Sarah A. Cullens died seized in fee of said lands, and at her death they descended to her children, the plaintiffs and defendant William E. Cullens. The defendant William E. Cullens answers that he denies section 2 and

alleges that Sarah A. Cullens died seized in fee of only an undivided one-fourth (¼) interest in the land therein described, and that he (defendant) was a tenant owning an undivided one-fourth (¼) interest in fee in said land. He further says that upon the death of Sarah A. Cullens one-eighth of her one-fourth (¼) interest descended to him, and that he is now the owner in fee of ........ part in the land aforesaid. The defendant Perry makes the same answer as his codefendant and claims to be the owner of his interest in the lands, which have been sold by agreement pending this proceeding, and the litigation is over the proceeds.

His Honor gave judgment that plaintiffs are tenants in common in fee with defendant William E. Cullens, each of an undivided one-eighth interest, as heirs at law of Sarah A. Cullens.

The defendants Cullens and J. W. Perry appealed.

*Pruden & Pruden and S. Brown Shepherd for plaintiffs.*
*Winborne & Winborne and Murray Allen for defendants.*

BROWN, J. The only question presented on this appeal is, What interest has the defendant William E. Cullens in the land sold for partition?

It is admitted that William Lassiter owned the land in controversy and on 16 August, 1865, conveyed the same by deed to his daughter Sarah A. Cullens and her children, reserving a life estate to himself and his wife, Parthenia.

The language of the deed in the premises is "unto Sarah A. Cullens and her children," and in the habendum, "unto her the said Sarah A. Cullens and her children forever."

There is a clause of warranty in these words: "and I, the said William Lassiter, for myself, my heirs and assigns, do and will warrant and defend the right and title of the above described tract of lands unto the said Sarah A. Cullens and her children forever against the lawful claim or claims of all persons whomsoever."

The plaintiffs contend that the deed to Sarah A. Cullens and her children conveyed only a life estate, on account of the absence of the word "heirs" in connection with the name of the grantee, and that all her children took equally an undivided one-

eighth interest. The defendants claim that, under said deed, Sarah A. Cullens and her three children living at the date of the deed became owners of the land in fee simple, subject to the life estate of the Lassiters.

At the date of the deed Sarah had three children, the defendant W. E. Cullens being one of the three. One of the three children died young prior to the death of Parthenia, who survived her husband. After the death of Parthenia, Sarah had born unto her several other children, all of whom survived their mother, who died in 1911.

We think it well settled that where land is conveyed, as in this case, to a woman and her children, they take as tenants in common, and only those born at the date of the deed take, unless there is one *in ventre sa mère,* and then such child would also take; but that fact did not exist in this case. *Dupree v. Dupree,* 45 N. C., 164; *Gay v. Baker,* 58 N. C., 344; *Heath v. Heath,* 114 N. C., 547; *Campbell v. Everhart,* 139 N. C., 511.

The next question is, What estate did Sarah and her children (living at date of the deed) take under it? The plaintiffs contend that only a life estate passed under the deed, while the defendants contend a fee simple passed.

As the word "heirs" nowhere appears in the deed in connection with the grantees, Sarah Cullens and her children, we are of opinion that the said grantees each took only an estate for his or her life. In the recent case of *Bogan v. Somers,* 152 N. C., 390, it is held that deeds to land made prior to 1879 will not be construed as in fee in the absence of the word "heirs" in the conveyance, connected with the name of the grantee, and descriptive in some way of the estate he is to take; and a fee will not pass when it appears only in connection with the name of the grantor. In a well-considered opinion reviewing the precedents, *Mr. Justice Hoke* says: "While our Court has long shown a disposition to interpret deeds as conveying a fee simple where such a construction would manifestly best effectuate the intent of the parties, in deeds bearing date prior to the statute of 1879 they have always required, for the creation of such an estate, that, as a mere construction of the legal title on the face of the instrument, the word "heirs" should appear in the deed

as connected with the name of the grantee, and descriptive in some way of his estate, and that such a construction was not permissible when it only. appears in connection with the name of the grantor." See, also, *Real Estate Co. v. Bland,* 152 N. C., 225, and *Anderson v. Logan,* 105 N. C., 266.

In this last case it is expressly held that "where there are no words of conveyance in the instrument, or where the word 'heirs' does not appear in any part of the deed except in connection with the name of the bargainor, or with some expression, such as 'party of the first part,' used in the clause of warranty, or elsewhere, to designate the grantor, the deed, if executed before the act of 1879 was passed, will be construed as vesting only a life estate in the bargainee." *Stell v. Barham,* 87 N. C., 62.

We are advertent to a line of cases which hold that where the word "heirs" does not appear anywhere in the deed, upon an allegation in the pleadings of mistake, etc., a court of equity will construe the deed as passing a fee simple, when upon the instrument itself such intention plainly appears. *Vickers v. Leigh,* 104 N. C., 248; *Real Estate Co. v. Bland, supra.* The pleadings in this case fail to present such question. The answers of the defendants contain no allegation that the word "heirs" was omitted by mistake and that it was the plain intention of the grantor, William Lassiter, to convey the land to his daughter Sarah and her then living children in fee. The defendant asks for no equitable relief. But we are not prepared to say that upon the face of this deed it was the manifest intention of William Lassiter to give the land to Sarah Cullens and her then living children in fee to the exclusion of those after-born. It was more likely his intention to convey it to Sarah herself in fee and after her death to her children, using the word "children" in the sense of heirs of her body. But under the settled decisions of this Court the instrument fails to effectuate such purpose, and in our opinion conveys to Sarah and her children living at date of the deed an estate for life as tenants in common. It therefore follows that the defendant William E. Cullens is the owner for his life of one-fourth interest in the land, and is entitled to the same life interest in one-fourth of the proceeds of sale.

It may be that when William Lassiter died the fee descended to Sarah, his daughter, if she was his only heir, and if so, the defendant William E. Cullens would inherit along with the other heirs at law of Sarah. That will be inquired into on next trial.

The effect of the special proceeding for partition in 1865 between the heirs at law of William Lassiter was not passed on by the judge below and is not presented on this appeal by any assignment of error, and the same is true as to evidence which the court declined to hear, that Sarah Cullens had been in the adverse possession of the land from 1867 to her death in 1911. As Sarah was a life tenant, and as such in possession, we fail to see how she acquired title to the fee by adverse possession; but that matter may also be gone into on the next trial.

New trial.