SALLIE M. MASTERS AND HER HUSBAND v. J. F. RANDOLPH.

(Filed 22 February, 1922.)

**Estates—Estates Tail—Children—Statutes—Fee—Wills.**

> A devise of land to testatrix's daughter "and her children," the daughter never having had children born to her, conveys an estate tail to the daughter, converted by the statute into a fee-simple title, which she may convey in fee. *Cole v. Thornton,* 180 N. C., 90, cited and applied.

APPEAL by defendant from *Daniels, J.,* at the January Term, 1922, of BEAUFORT.

Civil action, submitted and determined on case agreed.

The action is to recover the purchase price of a parcel of land, part of lot No. 31 in Pungo Town, Washington, N. C., plaintiffs having contracted to sell and "convey a good title to defendant." Recovery is resisted on the ground that *feme* plaintiff, and alleged owner, did not have a perfect title, and was therefore unable to comply with the contract of sale. Judgment for plaintiff, and defendant excepted and appealed.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*Stewart & Bryan for defendant.*

HOKE, J. The title offered is dependent upon the following facts, properly set forth in the case agreed:

The part of the lot in question, the subject-matter of the contract was owned by S. G. Myers, now deceased, who was the mother of *feme* plaintiff.

That said S. G. Myers died, leaving a last will and testament duly executed and proved and recorded, and in which she made disposition of the property in terms as follows: "I give to my daughter, S. G. H. Myers (now Masters, and *feme* plaintiff), and her children, the house and lot, also the furniture in the house on the premises known as lot 31, Pungo Town, in the town of Washington, N. C."

That said Sallie M. Masters was at the time of the execution and probating of said will unmarried, and that she does not now have and has never had any children.

Upon these, the pertinent facts on the question presented, our decisions clearly hold that the *feme* plaintiff, Sallie M. Masters, is the absolute owner in fee of the property, and the judgment of his Honor enforcing compliance with the contract is affirmed. See *Cole v. Thornton,* 180 N. C., 90; *Moore v. Leach,* 50 N. C., 88, and cases cited.

IN RE BRADFORD.

In *Cole's case, supra,* the controlling principle is stated as follows: "An estate to testator's wife for life, then to their named daughter and her children, if any, but should the latter die leaving no children, then to the heirs at law of testator's wife. The wife being dead, and the daughter being her only heir, and there never having been children born of the daughter, the latter takes an estate tail converted by the statute into a fee-simple title."

Affirmed.