THOMAS F. BENBURY et al. v. E. BUTTS.

(Filed 13 September, 1922.)

**Estates—Wills—Devise—Tenants in Common—Deeds and Conveyances.**

An estate devised to the step-daughter of the testator "to her and to her children and children's children," possession to be given after the death of the testator and his wife, the testator and his wife being dead, leaving the devisee alive with two living children without children: *Held,* the title to the estate vested in the step-daughter and her two children, as tenants in common, and the deed of the daughter and her husband was alone insufficient to convey a full and complete title to the lands.

APPEAL by plaintiffs from *Bond, J.,* at Spring Term, 1922, of CHOWAN.

Controversy without action, submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey certain lands to the defendant, executed and tendered a deed therefor, and demanded payment of the purchase price, as agreed. The defendant declined to accept the deed and refused to make payment, claiming that the title offered was defective.

His Honor, being of opinion that the deed tendered was insufficient to convey a full and complete fee-simple title to the lands in question, gave judgment for the defendant; whereupon the plaintiffs excepted and appealed.

*Vann & Holland for plaintiffs.*
*No counsel for defendant.*

STACY, J. On the facts agreed, the title offered was properly made to depend upon the construction of the following clause in the will of Noah Bess:

"I give and bequeath to Dora Benbury, my wife's daughter, the house and lot (if there is a house on it) where I lived before it was burned down, situated on east end of Church Street, in the town of Edenton, N. C., to her and her children, and to their children's children, measuring 160 feet deep and 30 feet wide, also all my household furniture, possession to be given after the death of myself and wife, Ellen."

The case states that Ellen Bess is dead; that Dora Benbury had two children, and no grandchildren or great grandchildren, living at the time of the testator's death; and that said children are still living.

We think it is clear that under the foregoing devise the title to the lot in question vested in Dora Benbury and her two children, living at the time, as tenants in common. *Cole v. Thornton,* 180 N. C., 90; *Cullens v. Cullens,* 161 N. C., 344; *Condor v. Secrest,* 149 N. C., 205.

The children being entitled to share with their mother in the estate devised, it follows that the deed of Dora Benbury and her husband—the two children not joining—was insufficient to convey a full and complete fee-simple title to the property described in the complaint.

Affirmed.