## W. C. SAMPLE v. T. N. GRAY.

(Filed 13 September, 1922.)

### Contracts, Written—Warranty—Parol Evidence—Receipts.

Damages for breach of warranty on sale of cattle, as to number and
disposition resting in parol, are recoverable in the warrantee's action, and
a receipt for the purchase price thereof, in the ordinary form, not pur-
porting to contain the full contract between the parties, does not exclude
the admission of parol evidence of the warranty by its failure to contain
the same.

APPEAL by defendant from *Bond, J.,* at April Term, 1922, of CHOWAN.
The action is to recover damages for breach of warranty by defendant
in the sale of a herd of cattle of said defendant, which were at the time
running in the range in Alligator Township, Tyrrell County.  There

were also allegations in the complaint that said warranty was false and fraudulent on the part of defendant. There was denial of liability by defendant, and on issues submitted the jury rendered the following verdict:

"1. Did the defendant warrant that the cattle sold to plaintiff numbered 62 head or more, and that they were gentle and easy to control, as alleged in the complaint? Answer: 'Yes.'

"2. Was said warranty false and untrue, as alleged in the complaint? Answer: 'Yes.'

"3. Did the defendant falsely and fraudulently represent to plaintiff that said cattle numbered 62 head or more, and that they were gentle and easy to control, as alleged in the complaint? Answer: 'Yes.'

"4. What damages is plaintiff entitled to recover? Answer: '$500.' ".

Judgment on the verdict for the sum awarded and costs, and defendant excepted and appealed.

*Meekins & McMullan for plaintiff.*
*W. L. Whitley for defendant.*

HOKE, J. Accepting plaintiff's version of the transaction, the jury have established liability of defendant for breach of contract of warranty that was false and fraudulent, assessing the damage. There is ample evidence to support the verdict, and we find no exception noted that would justify the Court in disturbing the results of the trial.

It is objected chiefly for appellant that the contract was in writing, and that same not containing any warranty, the claim of a warranty and the testimony offered to support it is not available to plaintiff, but the evidence of plaintiff is to the effect that the contract of sale, including the warranty, was in parol, and that the alleged written agreement was nothing more than a receipt for the purchase price of the cattle after the trade was made, and this, as stated, the jury have accepted as true.

And the evidence offered by defendant on this question does not seem to support his position. According to the testimony of his witness, Sheriff Cohoon, the alleged written contract was in terms as follows: "Received of W. C. Sample the sum of $1,200 in full payment for all my cattle in Great Neck, Tyrrell County. (Signed) T. N. Gray."

This, as a matter of form, might well be construed as a mere receipt for the purchase price. It does not purport to embody the entire terms of the agreement, and there is nothing in it that necessarily shuts off parol evidence as to further terms of the sale. It is only where the written contract in terms or from its nature embodies the entire agree-

ment that parol evidence of additional terms are necessarily excluded. *Faust v. Rohr,* 167 N. C., 360; *Kernodle v. Williams,* 153 N. C., 475; *Braswell v. Pope,* 82 N. C., 57.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.