FREDERICK H. ZIEGLER AND CLAUD L. ZIEGLER v. W. T. LOVE, JR., AND D. M. LOVE.

(Filed 21 February, 1923.)

**1. Estates—Remainders—Contingencies—Vested Interests.**

Estates, whether vested or contingent, are considered with regard to their certainty and to the time they may be enjoyed; and when there is an immediate fixed right of present or future enjoyment an estate is vested, *i. e.,* vested in possession where the right of present enjoyment exists, and in interest where there is a present right of future enjoyment; and a remainder is vested when the estate is definitely fixed so as to remain to a determinate person after the particular estate is spent, the distinguishing characteristic being the present capacity to take effect in possession. if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines.

**2. Estates—Devises—Testator's Son and Children—Tenants in Common.**

Whether vested or contingent, under a devise to the testator's son and to his children or issue, such son and his children or issue take such interest in the testator's estate as they acquire, as tenants in common.

**3. Estates—Remainders—Devise—Vested Interests.**

A vested remainder passes from the grantor at the time of the creation of the particular estate and vests in the grantee during the continuance of such estate or at the instant of its determination.

**4. Same—Contingencies—Fee Tail—Statutes—Fee Simple.**

An estate was devised to the testator's wife for life and at her death to one of his sons and his children or issue, but in case he should die childless and without issue, to the testator's heirs in equal degree. There survived at the death of the testator his son designated to take in remainder, who had no child or children for several years after the testator's death, and also several of the testator's children answering the designation of his heirs in equal degree: *Held,* the son designated to take in remainder acquired an estate in fee simple in remainder defeasible upon the happening of the contingency of his dying childless or without issue, which will continue to affect his interest until the estate becomes absolute or the event occurs by which it is to be determined, which event is to be referred to the death of the remainderman, and not to the death of the devisor.

**5. Same—Remainders—Statutes.**

An estate in remainder to the testator's son "and to his children or issue," there being no child or children of the son until long after the testator's death: *Held,* to create an estate tail at common law, which is converted into a fee-simple by our statute, C. S., 1734; and where there is an ultimate limitation over to persons coming within its terms, the testator's son and his child or issue cannot convey a fee-simple title.

APPEAL by plaintiffs from *Kerr, J.,* at November Term, 1922, of PASQUOTANK.

Controversy without action.

*Thompson & Wilson for plaintiffs.*
*J. B. Leigh for defendants.*

ADAMS, J.   John H. Ziegler died on 15 February, 1889, leaving a will containing the following clause: "My lot of land where I reside in Elizabeth City, together with all the improvements and outhouses upon it, including the shop, I give to my wife for and during the period of her life or widowhood, and at her marriage or death I give the same to my son, Frederick H., and to his children or issue, but in case he should die childless and without issue, then I give the said place and improvements to my heirs in equal degree in fee simple."

The plaintiffs are the devisee, Frederick H. Ziegler, and his son Claud, who was born on 11 March, 1891. Besides Frederick, several children of the devisor survived his widow, whose death occurred on 5 December, 1901. The plaintiffs, claiming to own the entire fee after the death of the widow, made a contract to convey the lot to the defendants at an agreed price. The plaintiffs are ready and willing to execute a deed therefor, but the defendants have refused to accept such deed on the ground that the plaintiffs cannot convey an indefeasible title in fee.

His Honor adjudged that the plaintiffs are not the owners in fee simple absolute, and therefore cannot convey an unencumbered title in fee. The plaintiffs excepted and appealed.

Estates considered with regard to their certainty and to the time when they may be enjoyed are distinguished as vested and contingent. When there is an immediate fixed right of present or future enjoyment an estate is vested—vested in possession when there exists a right of present enjoyment, and vested in interest when there is a present right of future enjoyment. A remainder is vested when the estate is definitely fixed so as to remain to a determinate person after the particular estate is spent (2 Blk., 168), or as defined by Fearne: "A remainder is vested whenever the preceding estate is limited so as to determine on an event which certainly must happen, and the remainder is so limited to a person *in esse* and ascertained that the preceding estate may be, by any means, determined before the expiration of the estate limited in remainder." Fearne Rem., pp. 2, 217. Its distinguishing characteristic is a present capacity to take effect in possession if the possession were to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines. Coke upon Lit., B. & H. Notes, 265 a (2). This remainder passes from the grantor at the time of the creation of the particular estate and vests in the grantee during the continuance of such estate or at the instant of its determination.

It follows as a deduction from these principles that upon the death of John H. Ziegler a particular estate and a vested remainder simultaneously passed by the devise. At that time Frederick H. Ziegler had no children; his son and coplaintiff, who is his only child, was born during the lifetime of the widow, it is true, but more than two years after the testator's death. What, then, is the quantity of interest embraced in the remainder? In a devise of land to A. and his children or issue, if there is a child or issue when the devise takes effect, the devisees take the estate as tenants in common. *Moore v. Leach,* 50 N. C., 88; *Gay v. Baker,* 58 N. C., 344; *Hunt v. Satterwhite,* 85 N. C., 74; *Silliman v. Whitaker,* 119 N. C., 92; *Whitehead v. Weaver,* 153 N. C., 88; *Candor v. Secrest,* 149 N. C., 205; *Cullens v. Cullens,* 161 N. C., 344; *Cole v. Thornton,* 180 N. C., 90. But if there is no child or issue the following principle applies: "If A. devises his lands to B., and to his children or issue, and he hath not any issue at the time of the devise, the same is an estate tail; for the intent of the devisor is manifest and certain that his children or issue should take, and as immediate devisees they cannot take, because they are not *in rerum natura,* and by way of remainder they cannot take, for that was not his intent, for the gift is immediate, and therefore there such words shall be taken as words of limitation, *scil.* as much as children or issue of his body." *Wild's case,* 6 Co. Rep., 16 b; 77 Eng. Rep., 277; *Silliman v. Whitaker, supra; Cole v. Thornton, supra.* Under the devise in question, Frederick H. Ziegler took an estate tail in remainder at common law, which by virtue of our statute is converted into a fee simple. C. S., 1734.

But in the item under discussion there is this further clause: "If he (Frederick H.) should die childless and without issue (that is, without a child or lineal descendant capable of taking by inheritance), then I give the said place and improvements to my heirs in equal degree in fee simple."

Construing the clause in the light of sundry decisions of this Court, we conclude that Frederick H. Ziegler did not acquire an indefeasible fee, but an estate in fee simple defeasible upon the happening of the contingency of his dying childless and without issue, and that such contingency will continue to affect his interest until the estate becomes absolute or the event occurs by which it is to be determined. If the event takes place the estate will go to the ulterior devisees. *Reid v. Neal,* 182 N. C., 192. And this event is to be referred to the death of the remainderman, not to the death of the devisor. *Buchanan v. Buchanan,* 99 N. C., 308; *Williams v. Lewis,* 100 N. C., 142; *Kornegay v. Morris,* 122 N. C., 199; *Harrell v. Hagan,* 147 N. C., 112; *Kirkman v. Smith,* 174 N. C., 603; *Patterson v. McCormick,* 177 N. C., 448; C. S., 1737.

The testator left surviving him, not only Frederick H. Ziegler, but several other children, all of whom answer the designation "my heirs in equal degree."

The judgment of the Superior Court must be
Affirmed.