LAURA BAKER SNOWDEN v. BARNARD E. B. SNOWDEN ET ALS.

(Filed 9 April, 1924.)

**Estates—Wills—Devise—Tenancy in Common—Remainders.**

A "bequest" of lands to a daughter of the testatrix, her "children, her heirs and assigns": *Held,* the use of the words "her heirs" after the word "children" does not by construction eliminate the effect of the use of the word "children," or give the life tenant a fee-simple title, but she and her children living at the time of the death of the testatrix take the lands as tenants in common.

APPEAL by plaintiff from *Finley, J.,* at January Term, 1924, of HENDERSON.

This is an action to remove a cloud upon title and for that purpose to construe the following section of the will, which is the only portion

thereof relating to the land in question: "I bequeath and give to my daughter Laura, children, her heirs and assigns, all my lots of land with the buildings thereon in the town of Hendersonville, N. C." The court below held that plaintiff and defendants, the three children of the plaintiff, were tenants in common of the land in question, and the plaintiff appealed.

*G. H. Valentine for plaintiff.*
*O. V. F. Blythe for defendants.*

CLARK, C. J. In the recent case of *Cullens v. Cullens,* 161 N. C., 344, it was held that under a deed of lands made to a woman and her children, she and her children living at the date of the deed take as tenants in common. In that case *Brown, J.,* says: "We think it well settled that where land is conveyed, as in this case, to a woman and her children, they take as tenants in common, and only those born at the date of the deed take unless there is one *in ventre sa mere,* and then such child would also take," citing *Dupree v. Dupree,* 45 N. C., 164; *Gay v. Baker,* 58 N. C., 344; *Heath v. Heath,* 114 N. C., 547; *Campbell v. Everhart,* 139 N. C., 511. This case has been cited and approved in the still more recent case of *Cole v. Thornton,* 180 N. C., 91, which was the construction of a will, and it is said: "The principle that an estate to A. and her children, when there are children, 'vests the present interest in them as tenants in common' is affirmed in *Condor v. Secrest,* 149 N. C., 205, and in *Cullens v. Cullens,* 161 N. C., 344."

In *Benbury v. Butts,* 184 N. C., 24, where the devise was to Dora Benbury and her children and her children's children, it was held: "We think it is clear that under the foregoing devises the title to the lot in question vested in Dora Benbury and her two children living at the time, as tenants in common," citing the three last cases above quoted.

The word "children" is not the equivalent of heirs, and where the conveyance or devise is to a parent and children it has always been construed with us that they take as tenants in common.

In *Ziegler v. Love,* 185 N. C., 42, it is said: "In a devise of land to A. and his children, or issue, if there is a child or issue when the devise takes effect the devisees take an estate. as tenants in common. *Moore v. Leach,* 50 N. C., 88; *Gay v. Baker,* 58 N. C., 344; *Hunt v. Satterwhite,* 85 N. C., 74; *Silliman v. Whitaker,* 119 N. C., 92; *Whitehead v. Weaver,* 153 N. C., 88; *Condor v. Secrest,* 149 N. C., 205; *Cullens v. Cullens,* 161 N. C., 344; *Cole v. Thornton,* 180 N. C., 90."

It is true in this case the devise is to "my daughter Laura, children, her heirs and assigns," and the plaintiff contends that the use of the words "her heirs" after the word "children" gave her a fee simple. But

we cannot draw that inference from the word "her" since at the death of the testatrix there might have been no children, and the use of it does not obliterate the word "children" from the devise. The children living at the death of the testatrix as tenants in common with their mother, take under the above well-settled rule of law.

The ruling of the court below is

Affirmed.