This cause was submitted upon agreed facts. On 5 June, 1919, Marcellus Sutton and wife, Laura Sutton, executed and delivered a deed conveying to Olivia Cunningham and her children and their heirs and assigns a certain tract or parcel of land, etc. The grantors reserved a life estate in said Marcellus Sutton. Marcellus Sutton, one of the grantors, is dead, but Laura Sutton, the other grantor, and wife of said Marcellus Sutton, is now living and joins in this proceeding. At the time of the execution and delivery of the deed from Marcellus Sutton and Laura Sutton, his wife, to Olivia Cunningham and her children, the said Olivia Cunningham had only two children, to wit, Robert Cunningham and Ray Cunningham. Since the execution of the deed Olivia Cunningham has had four children. All of said children are minors, and this action has been duly instituted by their guardian. A special proceeding was instituted to sell said land for reinvestment. The defendant, Laura L. Worthington, agreed to purchase said land for the sum of $6,800, which was found to be a fair price for said property. The defendant, however, refused to accept the deed tendered by the commissioner appointed in the cause upon the ground that said deed did not convey an indefeasible title to said land.
The pertinent part of the judgment is as follows: "And it further appearing to the court that at the time of the execution and delivery of said deed, said Olivia Cunningham had only two children then living, namely, Robert Cunningham and Ray Cunningham, and that since that time four other children have been born to the said Olivia Cunningham. . . . And the court being of the opinion that the said Olivia Cunningham and her two children, to wit, Robert Cunningham and Ray Cunningham, in existence at the time of the execution and delivery of said deed, took a fee-simple title in said lands as tenants in common, subject to the life estate of the grantors, and that after-born children could not take any interest or title in said lands as described in said *Page 779 
deed; and that the defendant, Laura L. Worthington, will acquire a good and indefeasible title under said deed as tendered.
It is therefore ordered, adjudged and decreed that the said Olivia Cunningham and her two children, Robert Cunningham and Ray Cunningham, are the owners in fee, tenants in common of the lands described in said deed executed and delivered by Marcellus Sutton and wife, Laura Sutton, as hereinabove referred to, subject to the life estate of Laura Sutton; and that the said Leon Cunningham, commissioner, appointed by the court under said special proceeding for the sale of said lands, has full power to convey said lands in fee simple to the said Laura L. Worthington, the defendant, and the said Leon Cunningham, commissioner, is directed to execute and deliver a deed conveying said lands in fee simple to the defendant, Laura L. Worthington, upon the payment of said purchase price of $6,800, which shall also be binding and shall operate as a conveyance upon the part of said minors. And it is further ordered and decreed that this judgment shall and does hereby operate as a bar of right to any interest or title in said lands in any child or children of the said Olivia Cunningham, who were not born, or in ventre sa mere, at the date of the execution and delivery of the said deed from Marcellus Sutton and wife, Laura Sutton, to Olivia Cunningham on 5 June, 1919."
If a deed is duly executed and delivered, conveying land to a woman and "her children," reserving a life estate to the grantors, do children born or in being at the time of the conveyance take the land as tenants in common with the mother, or do all the children born or in being at the termination of the reservation, take as tenants in common with the mother?
The question of law presented has been expressly decided in Cullens v.Cullens, 161 N.C. 344, 77 S.E. 228, where the principle was thus declared: "We think it well settled that where land is conveyed, as in this case, to a woman and her children, they take as tenants in common, and only those born at the date of the deed take, unless there is one in ventre samere, and then such child would also take; but that fact did not exist in this case." Benbury v. Butts, 184 N.C. 23, 113 S.E. 499; Ziegler v.Love, 185 N.C. 40, 115 S.E. 887; Boyd v. Campbell, 192 N.C. 398,135 S.E. 121. *Page 780