D. L. MAYBERRY v. GEORGE A. GRIMSLEY ET AL.

(Filed 20 March, 1935.)

**Deeds and Conveyances C c—Rule in Shelley's case held applicable to deed in this case.**

A deed "to M. and her children," with granting clause "to M., her heirs and assigns," and *habendum* "to have and to hold . . . to M., her heirs, and assigns," *is held* to convey no estate to the children of M. *in esse* at the time of the execution of the deed, the word "children" appearing only in the premises, and the intent of the grantor as gathered from the whole instrument being to convey the estate to M. in fee.

APPEAL by plaintiff from *Oglesby, J.,* at August Term, 1934, of YADKIN.

Civil action to restrain foreclosure under deed of trust on ground that plaintiff's wards have an interest in the lands sought to be sold.

The facts are these:

1. On 9 September, 1925, a deed for the land in question was made, according to the premises, "to Nonnie A. Mayberry and her children," while in the granting clause the property is conveyed "to said Nonnie A. Mayberry, her heirs and assigns," and the *habendum* is "To have and to hold . . . to the said Nonnie A. Mayberry, her heirs and assigns," etc.

2. Plaintiff's wards are children of Nonnie A. Mayberry and were *in esse* at the time of the execution and delivery of said deed.

3. On 20 April, 1929, Nonnie A. Mayberry and her husband executed deed of trust on said land, with full covenants of warranty, to George

---

---

A. Grimsley, trustee, to secure a loan of $1,000 from the Security Life and Trust Company.

4. Plaintiff seeks to restrain sale or foreclosure under said deed of trust on the ground that his wards are owners, as tenants in common with their mother, of said land.

From judgment dissolving the temporary restraining order and holding the deed of 9 September, 1925, to convey no interest in said land to plaintiff's wards, plaintiff appeals, assigning errors.

*W. M. Allen for plaintiff.*
*Avalon E. Hall and Earl C. James for defendants.*

Stacy, C. J. Plaintiff's action is grounded on the principle, settled by numerous decisions, that a conveyance or devise to "Nonnie and her children" vests in Nonnie and her children then living, including any *in ventre sa mere,* as tenants in common, the present estate conveyed or devised. *Tate v. Amos,* 197 N. C., 159, 147 S. E., 809; *Cunningham v. Worthington,* 196 N. C., 778, 147 S. E., 294; *Snowden v. Snowden,* 187 N. C., 539, 122 S. E., 300; *Benbury v. Butts,* 184 N. C., 23, 113 S. E., 499; *Cullens v. Cullens,* 161 N. C., 344, 77 S. E., 228.

The defendants, on the other hand, say the doctrine announced in *Boyd v. Campbell,* 192 N. C., 398, 135 S. E., 121, *Triplett v. Williams,* 149 N. C., 394, 63 S. E., 79, and others to the effect that the "intent as gathered from the four corners of the instrument" is to govern, precludes the application of the principle invoked by plaintiff, because the deed in question, taken in its entirety, clearly excludes the children of the grantee as partakers with their mother in the estate conveyed. The "children" appear only in the premises, while the operative words of conveyance, as contained in the granting clause, are "to said Nonnie A. Mayberry, her heirs and assigns." 8 R. C. L., 936 and 1046. This was the view of the trial court, and we agree with his decision.

Affirmed.