## BILLS AND NOTES—CHARGE TO JURY.

[Knox (5th) Court of Appeals, June 19, 1916.]

DISCOUNT & DEPOSIT STATE BANK v. B. E. LITT ET AL.

1. **Instructions on Abstract Propositions of Law Unless Applicable not Required.**

    A trial judge is not bound to give to the jury written charges before argument which embody abstract propositions of law, however sound, unless they are applicable to the pleadings and the particular facts developed during the hearing.

2. **Holder of Promissory Note Has Burden of Proof to Establish Title.**

    Where the defendant, in an action on a note, denies that the plaintiff became the owner in good faith before due, but on the contrary was aware of infirmity in the note and that defenses would be interposed thereto, and testimony is offered in support of these allegations, the burden of proof is cast upon the plaintiff to establish his title, if he has not already done so, by affirmative proof; and where the jury has found that the plaintiff did not become the owner of the note in good faith for value before maturity and without notice of defect in the title of the person negotiating it, a reviewing court will not reverse the judgment as against the weight of the evidence, unless the court is satisfied upon the whole record that the judgment is manifestly against the evidence.

    [Syllabus by the court.]

ERROR.

*Wm. Darroch* and *Greer, Greer & Cromley,* for plaintiff in error.

*W. A. Hosack* and *L. C. Stillwell,* for defendants in error.

## HOUCK, J.

The parties to this action stand in this court in the same position that they stood in the court below.

The action below was based on a promissory note executed and delivered by defendants to one Will H. Ade for $1,100, and claimed to have been duly sold, assigned and transferred to the plaintiff for a valuable consideration, before due, and that it is the owner and holder thereof, and entitled to recover said sum of $1,100, with interest. Said note was dated February 13th, 1913.

The defendants filed an answer in which they set forth the following alleged defenses:

Knox County Appeals.

1.   That said note was not purchased by plaintiff before due, and that plaintiff is not now and never was the legal owner and holder of said note.

2.   That said Will H. Ade, the original payee of said note, is the owner and holder of same, and is indebted to these defendants in the sum of $2,850 in this, to wit: That on September 3, 1912, the defendants purchased a certain stallion of said Will H. Ade, paying therefor the sum of $1,500, and that said Ade warranted said stallion to be a sure foal getter, etc., and that they relied on said warranty; that said stallion proved worthless for the purposes for which they purchased him, and they were damaged in the sum of $2,850; that as soon as they learned the defects of said stallion they so informed said Ade, and that he then promised to make said loss good, but has failed to do so.

3.   That said plaintiff and said Ade, for the purpose of cheating and defrauding these defendants out of their said claim, or so much of it as is represented by said note in question, falsely represented and claimed that plaintiff had purchased said note before due for a valuable consideration.

The plaintiff filed a reply to the answer, being a general denial.

The cause was submitted to a jury and a verdict returned in favor of the defendants. The plaintiff filed the usual motion for a new trial, and the court overruled said motion, and a judgment was entered on the verdict.

The plaintiff in error seeks a reversal of the judgment below, and in its petition in error sets forth a number of grounds of alleged error, but in oral argument and brief seems to insist upon the following:

1.   The court erred in its refusal to give certain special written charges before argument.

2.   That the court erred in its general charge to the jury.

3.   That the verdict was against the manifest weight of the evidence, and is contrary to law.

As to the special requests in writing presented by the plaintiff before argument and refused by the court, the plaintiff presented twelve requests, the court giving four and refusing eight

Discount, etc., Bank v. Litt.

of them. We are aware of the fact that a party to a lawsuit has the legal right to have given to the jury, before argument, such written propositions of law as he may request, provided such written propositions of law so requested to be given before argument properly state the law applicable to the case on trial. Mere abstract propositions of law, while sound as such, yet if they are not applicable to the issues raised by the pleadings and the particular facts in the case in which they are sought to be given, the court may refuse to give without error. We have examined with much care the charges which the court refused to give to the jury, and we have no hesitancy in saying that as abstract propositions of law they are sound, but they are not applicable to the facts in this case, and therefore the trial judge committed no error in refusing to submit them to the jury.

Counsel for plaintiff in error complain of the general charge of the court wherein the court says:

"If you find that the defendant B. E. Litt had a valid claim for damages against Ade for the breach of the warranty for this horse Constant, and you further find that Ade knew of this claim of the defendant, and you further find that he sold the note to the plaintiff for the purpose of defeating and defrauding defendant out of his claim, if the jury finds all these facts, then the possession of the note endorsed by Ade raises no presumption as against this proof that plaintiff purchased the note without notice or defect in the hands of Ade. * * * Now if these facts have been established by the degree of proof required by law, then that casts upon the plaintiff in this case the burden of showing by some affirmative proof that it had no knowledge of any such defense to the note at the time it purchased it. However, gentlemen of the jury, it must clearly appear that when Mr. Ade sold this note his object and purpose was to defraud Mr. Litt. Fraud is never presumed, and when pleaded must be proven, and we can not infer it. Of course, that may be proven by proving circumstances."

We can not understand how the plaintiff in error can complain of the above proposition of law as given by the trial judge in face of the fact of special requests Nos. 3 and 4 given to the

jury by the court before argument at the instance of said plaintiff in error.   Said requests being as follows:

"No. 3.   One is a holder in due course who has taken the instrument under the following conditions:

"That it is complete and regular on its face.

"That he became the holder of it before it was due, and without notice that it previously had been dishonored, if such was the fact.

"That he took it in good faith, and for value.

"That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

"No. 4.   The title of a person who negotiates an instrument is defective when he obtained the instrument or any signature thereto by fraud, duress, force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

These two special requests in writing, given before argument and at the request of the plaintiff in error, are sound in law and certainly cover every issue made by the pleadings and the evidence in the case at bar, and if there is anything in the general charge in conflict with these special requests plaintiff in error certainly has no reason now to complain.   We think if these propositions of law are properly applied to the evidence offered to determine the issues in this case they are clearly reconcilable.

The one important issue of fact to be determined in this case is, Was the plaintiff a purchaser of the note in question before due?   This was a question to be determined by the jury, under proper instructions from the court, and we think that every phase of the case and the testimony offered was fully covered as to the law governing the question as to who is a holder in due course by special request No. 3, given before argument.   The jury, before it could return a verdict for the defendants, was compelled to find that the plaintiff was not a purchaser before due of the note in question, or that it had knowledge of the defenses claimed by defendants or that Ade knew it.   If the jury found that Ade knew of the defenses and claims of the

defendants, which it could have found under the evidence as
disclosed by the bill of exceptions, then the law as given in
special charge No. 4 was applicable. If the jury found that Ade
knew of the claims and defenses of the defendants, and this was
clearly established by the evidence, which from the bill of
exceptions seems clear to us, then inasmuch as the defendants in
their answer denied that plaintiff was the owner of the note in
due course, and that it had knowledge of the defense and claims
of defendants, and submitted proof in support of these allega-
tions, it devolved upon the plaintiff, if it had not already es-
tablished its claim by affirmative proof, to rebut the evidence
offered by defendants in this regard.

The burden of proof of making out good faith in this case
under the facts here disclosed is, we think, with the plaintiff.
It asserts title as a *bona fide* holder in due course, before due,
and evidence has been offered by the defendants denying this
claim. It makes no difference whether the plaintiff pursued
the usual course required to establish its claim or not, it must
in order to secure the advantages which commercial law confers
upon holders of negotiable paper bring itself within the rule.
Purchasers of such instruments are entitled to the benefits of
that rule only when they have purchased such paper in good
faith, in the usual course of business, before maturity, and with-
out notice of any defects or infirmities therein, or any legal and
valid defenses thereto.

As to the weight of the evidence, it is expected in cases like
the one at bar that the purchaser will testify as to his good faith
and want of notice, and the defendants are compelled to rely
upon circumstances and surroundings to rebut such evidence.
Whether the plaintiff in this case has satisfied this burden rest-
ing upon it, and whether it has made good its claim as pur-
chaser before due and without notice of any defects in the title
to or infirmities in or defenses to the note in question were
questions of fact to be determined by the jury, unless the testi-
mony is not only consistent with the good faith of the plaintiff,
but is such that no fair-minded person can draw any other in-
ference therefrom. The jury saw the witnesses and passed upon
their credibility, their interest in the case, the reasonableness

or unreasonableness of their statements, the time, place and manner of the transaction, its conformity to or its departure from ordinary methods of business, and all the facts and circumstances in the case, some of which may be slight, but when taken together aid in the proper determination of the transaction between the parties hereto, which a court can not pass upon as a matter of law.

A reviewing court will not disturb a verdict on the ground that it is against the weight of the evidence, unless upon an examination of all the testimony offered, and upon the whole record, it is satisfied that it was against the manifest weight of the evidence. And not being so satisfied, we will not interfere with the judgment entered on the verdict in this case.

The plaintiff in error, in brief and oral argument, insists that the trial judge erred in not instructing the jury properly and fully as to the law governing the rights of an endorsee of a promissory note with reference to the presumption as to whether or not it was transferred by the owner to the transferee or indorsee, before due.

Before argument, and at the request of the plaintiff in error, the plaintiff below, the trial judge gave to the jury special written request No. 1, the same being as follows:

"Except when an endorsement bears date after maturity of an instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was due."

We think this is a sound principle of law, and applicable to the facts in this case, and fully covers the issue as to this particular question made by the pleadings and facts in this case, and therefore we do not understand how the plaintiff in error has any cause for complaint in this regard.

As to whether or not the bank was the owner and holder of the note in question in due course, purchased before due, and for a valuable consideration; as to whether or not it knew at the time it purchased the note of the alleged claim and defenses of the defendants thereto; as to whether it had knowledge of any defects or infirmities of said note at the time it purchased same, and as to its good faith or lack of good faith with reference to

Discount, etc., Bank v. Litt.

the entire transaction were questions of fact to be determined by the jury, under proper instructions from the court.

From an examination of the bill of exceptions we are free to say that upon some of the questions of fact the testimony was somewhat conflicting, and no doubt different minds might reach different conclusions therefrom. Yet the jury having reached its conclusion under proper instructions from the trial court as to the law governing the facts in this case, as evidenced by the charges given to the jury before argument, as contained in the written requests of the plaintiff in error, the plaintiff below, as well as the law applicable to this case as contained in the general charge of the trial court, it is not the duty of, nor is it within the province of a reviewing court to say that the verdict of the jury was wrong.

As disclosed by the bill of exceptions and the record in this case, which consists of nearly two hundred and fifty pages of typewritten matter, we are led to believe from our examination of same that the case was warmly contested in the trial court, and it necessarily follows that some technical errors have found their way into the record, but none prejudicial to the rights of the plaintiff in error.

Upon our examination of the entire record in the case at bar, we feel that substantial justice has been done to all parties in interest in this lawsuit. We find no error apparent on the record prejudicial to the rights of plaintiff in error.

A majority of this court is of the opinion that the judgment of the common pleas court should be affirmed.

Judgment affirmed.

**Shields, J.,** concurs; **Powell, J.,** dissents.

Powell, J., dissenting.

I am constrained to disagree with the judgment of affirmance arrived at by the majority of the court in this case. The petition declares on a negotiable promissory note in the short form authorized by Sec. 11334 G. C. It was filed by the first endorsee on the note and proper averments are made to constitute the plaintiff a holder in due course. To the petition an answer was filed setting up two defenses:

1. That plaintiff was not the owner of the note sued on; that the same was not assigned, transferred and delivered for a valuable consideration to the plaintiff before the same was due and payable. It is averred as a part of said first defense that Will H. Ade, the payee of said note, is the owner and holder of the same and is indebted to defendants in the sum of $2,850, and that for the purpose of delaying defendants in the collection of their said claim Ade and the plaintiff are in collusion and that, in fact, no sale or transfer from said Ade to plaintiff has ever been made. All this is alleged as a part of said first defense.

2. For a second defense, an unliquidated claim for damages against the said Will H. Ade, who is the payee and endorser of the note sued on, arising out of an alleged breach of warranty in the sale of a horse by Ade to plaintiff in the sum of $2,850 is set up and judgment asked against Ade.

The said Ade was not a party to the suit, nor was any application made by either plaintiff or defendants that he be brought in as such party, with or without leave to answer. A motion was filed by plaintiff to strike said second defense from the answer, because the same is "irrelevant, immaterial and impertinent." This motion was overruled. It should have been sustained. It is not a defense to the note sued on in the meaning of the term as used in the Negotiable Instruments Code, for defendants admit the execution of said note for good and valuable consideration and do not set up any defect in it or defense against it. This said second defense is not a counter-claim which defendants would be authorized to set off against the note, for it does not arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, nor is it connected with the subject of the action. One of these two things must exist to constitute a counter-claim. Section 11317 G. C.

It is not a set-off because it does not exist against the plaintiff in the action brought, but against a third person who is not a party to the suit, nor could any judgment be obtained against plaintiff on said second defense. It does not arise on contract, nor has it been ascertained by the decision of a court. It is merely an indefinite, unliquidated claim for damages asserted against an individual who is not a party to the suit and does not

come within the definition of a set-off as defined by Sec. 11319 G. C. As such second defense is neither defense, counter-claim or set-off as defined by the statutes, it should not have been allowed to encumber the records and it was prejudicial error to overrule the motion to strike it out of the answer. Nothing should be permitted to remain in an answer except matters of defense, counter-claim or set-off. Section 11315 G. C.

So far as the pleadings show in this case no cross demands ever existed between the plaintiff and the defendants to this action. Defendants have no demand against the plaintiff; their demand is against a stranger to the record, one who is not a party to the suit at all, so that the case is not in any wise affected by the provisions of Sec. 11321 G. C.; besides, this section does not apply to negotiable instruments until after the same become due. *Lillie* v. *Bates*, 2 Circ. Dec. 54 (3 R. 94); *Wyman* v. *Robbins*, 51 Ohio St. 98 [37 N. E. 264].

There is but one defense pleaded to the cause of action set out in the petition and that defense is want of ownership on the part of the plaintiff. All of the testimony admitted on any other subject was erroneously admitted and involved absurd consequences. The result of this case is a good illustration. The defendant in the action makes a claim for damages on account of a breach of warranty in the sale of a horse against a citizen of Indiana who is not made a party to the suit. This claim arises out of a transaction wholly independent of the transaction in which a note was given by the defendant to the citizen of Indiana in the sum of $1,100. It is alleged that the note became the property of a third person who claims to be a holder in due course, or, in the ordinary language of business, an innocent purchaser, and who brings suit against the maker of the note only, who in his turn sets up as a reason why he should not pay the note, that he has an unascertained claim for damages against the payee of the note and this payee is a stranger to the record and is not made a party even after this defense has been pleaded, and the issue thus made is submitted to a jury to determine whether or not the payee of the note owes the maker anything in another and different cause of action; and

the jury finds that the payee does owe the maker an unsettled amount, but at least sufficient in amount to offset the note sued on and therefore find for the defendant. This, it seems to me, is a proceeding unwarranted by any rule of law. If the finding and judgment are conclusive of anything, they are only conclusive that the plaintiff is not the owner of the note. Ade, the payee of the note, is not in court at all, and yet it is determined by a jury that he owes enough to offset a note admitted to be valid and without any defense, without his side of the story ever having been heard and submitted to a court for adjudication. The iniquity of this proposition from a legal standpoint ought to be apparent in the mere statement of it.

On the single issue presented by the pleadings the evidence should have been confined to the ownership of the note by the plaintiff and whether, in fact, he was a holder of the same in due course and entitled to collect it.

I have examined this entire record with reference to the issue of ownership of this note and can not find therein a single word of competent evidence that upholds the contention of the defendants. It is true that the testimony of Hosack and Litt is to the effect that Ade said in their presence when at Fredericktown and Mt. Vernon, Ohio, on November 6, 1914, that he was the owner of the note. Plaintiff was not present when this statement was made by Ade, nor was there any one representing the plaintiff present, yet the court admitted these statements in evidence over plaintiff's objections. This was error, and prejudicial error.

I am at a loss to understand the theory of the court in the admission of this evidence. Plaintiff offered to show by another witness who was present a part of the time when these admissions were said to have been made, that Ade had said to him he had sold the note to plaintiff. This evidence was excluded by the court for the reason as given, that Litt was not present when the statement was made. Ade's statements seem to have been considered competent to bind the plaintiff, although no representative of the plaintiff was present, but the same class of testimony was inadmissible to bind the defendant because he was not present. I do not think any of Ade's statements so

made were competent evidence to go to the jury. But the particular vice that attaches to these admissions is that they have their weight with the jury as an indication of the position of the court on the issues presented. If it is necessary that either of these parties should be present in order to make this evidence competent against him, the other should have been present also to have made it competent and binding against it.

But aside from all this the controlling questions submitted in this case have all been passed on by one or more of the circuit courts of the state adversely to the holding of the trial court in this case and consequently adversely to the judgment of affirmance of the majority of the court, and the judgment of such courts on these questions has been affirmed by the Supreme Court. This suit is brought by the first endorsee of a negotiable promissory note against the maker, the endorser not being made a party. The plaintiff in the suit claims to be the holder in due course and asks judgment for the amount of such note. This claim is denied by the defendants and it is affirmatively averred that the endorser is the real owner of the note; this is the only actual defense pleaded to the note. True, defendants claim a set-off against the endorser but not against the plaintiff, the only other party to the suit.

The case should have been tried and determined on this issue alone because:

1. The suit must be brought by the real party in interest. Section 11241 G. C. This provision of the statute applies to negotiable promissory notes as well as to all other actions, *Nichols* v. *Gross*, 26 Ohio St. 425 [1 N. E. 644]; *Osborn* v. *McClelland*, 43 Ohio St. 284. Under these authorities the plaintiff must be the real party in interest, or his action must be defeated. If the answer here means anything, it means that plaintiff is not the real party in interest in this kind of a case; that he is not the owner of the note and a holder in due course, for value, and without notice of any infirmity affecting the instrument. It takes all this to constitute him the real party in interest. If he is not the real party in interest, he should be defeated because none but the real party in interest can maintain the action.

This identical case, so far as general principles are con-

cerned, is found in the case of *Independent Coal Co.* v. *Bank,* 27 O. C. C. 297 (6 N. S. 225). This action was brought by the first endorsee of a negotiable promissory note against the maker of the note, the endorser not being made a party to the action. The defense made by answer was that the plaintiff was not the owner of the note, but held it by a fraudulent transfer from the endorser for the purpose of defrauding defendant out of a set-off or counter-claim against the maker of the note arising out of a contract to furnish coal, which contract the endorser had not complied with. Defendants offered evidence to show the contract with the endorser by ·the terms of which the endorser was indebted to it. This evidence was excluded by the trial court and the circuit court held there was no error in excluding it. The court says on page 299 :

"It was not necessary that the defendant should show that if suit had been brought by the payee it would have had a defense. It was sufficient that the defendant show that the plaintiff was not the owner of the note. If he succeeded in showing this he made a complete defense to the action, for if the plaintiff was not the owner of the note then it was not the real party in interest as required by Sec. 4993 R. S. Under this section the real party in interest who brings suit upon a promissory note must be the owner of that note. Such suit can not be maintained by one to whom the note has been transferred, whether by endorsement or by mere delivery for the purpose of collection only."

In the present case, all the evidence relating to the purchase of the horse, Constant, and the warranty of Ade, and the breach of it, was. incompetent and immaterial and should have been excluded on plaintiff's objection, because it was only competent in a suit on ·a breach of the warranty, in which the warrantor is a party with a right to make his defense, if he has one. The evidence· offered and excluded was the same evidence in that case as the evidence offered and admitted in this case relating to the purchase of the horse, Constant, and the warranty accompanying such purchase and the breach of it; and if the exclusion of the evidence offered was not error in the case cited, the admission of this evidence in the case at bar must have been

error. The case last above cited was affirmed by the Supreme Court without opinion. *Independent Coal Co.* v. *Bank,* 74 Ohio St. 463.

Again, in this same case just quoted from, another question arose as to the admission of evidence which is conclusive of a question raised in the case under discussion. Defendant in that case offered to show by its manager that "after this note fell due the payee, in company with the cashier of the plaintiff, appeared at the office of this defendant and together they were anxious to have this matter settled up, and that thereupon and after a long consultation the payee, to wit, Mr. Walthour, and Mr. Thrasher, the principal persons in the payee, thereupon said to the manager of the defendant that they then were going to sue that note—the bank were going to sue on this note—and that thereupon the cashier of the bank made no objection or made no claim to be the owner of the note." This evidence was excluded and the court say upon that subject that "if the witness had testified to exactly what counsel for the defendant stated he expected him to testify to, it would have had no tendency to show that the plaintiff was not the real owner of the note." And the court say that the exclusion of this evidence was not error. If the exclusion of this evidence was not error, then it seems to me that the admission of the evidence of Hosack and Litt that Ade said he was the owner of the note, was error and such error as was prejudicial to the rights of the plaintiff below.

The case cited was decided right both in principle and upon authority, and while the questions are presented on the exclusion of evidence it is the same evidence, or bore the same relation to the case on trial as was admitted in this case, and if it was not error to exclude it in that case it certainly was error to admit it in the case under discussion. The evidence here was clear and conclusive that plaintiff was the owner of the note sued on and became such owner more than eighteen months prior to the date when such note fell due. Plaintiff produced the note in court and offered it in evidence. This alone made a *prima facie* case in its favor. Out of an abundance of caution the testimony of its cashier, assistant cashier and president were

given at the trial, together with exhibits of its record of the transaction, all of which was uncontradicted and which was conclusive as to the ownership of said note if evidence of witnesses is to be believed at all. Against this testimony there was not a word of competent evidence offered, and only a few incompetent statements of a party who was not a party to the action.

It seems to me that the trial court misapprehended the issue that was before it and that the judgment of the majority is in direct conflict with the decision of the Supreme Court in affirming the case above cited, and that the judgment of the trial court should have been reversed and judgment given to the plaintiff in error on the admitted facts shown by the record. *Minnear* v. *Holloway*, 56 Ohio St. 148 [46 N. E. 636]. Many other authorities might be cited in support of the propositions set out in this opinion, but it is not necessary to cite them, as those that are presented are conclusive of the points raised in the decision of the case.

The several errors, any one of which, in my opinion, would have justified the reversal of the case, are as follows:

1. The overruling of the motion to strike the second defense from the answer.

2. The admission of any evidence relative to the sale of the horse, Constant, the warranty by Ade relative to said horse, and the breach of the same.

3. The admission of the testimony of Hosack and Litt that Ade made the statement in their presence that he was the owner of the note in suit.

4. The overruling of plaintiff's motion at the close of all the testimony for a directed verdict.

5. In refusing to charge before argument requests seven and eight asked for by the plaintiff.

6. The charge of the court relative to any and all other matters than the single issue of, whether or not the plaintiff was the owner of the note in suit. And

7. In overruling plaintiff's motion for a new trial.