W. W. COLE AND WIFE, ALICE, v. GEO. E. THORNTON.

(Filed 29 September, 1920.)

Estates — Estates Tail— Statutes— Fee— Limitations— Contingencies— Heirs at Law.

> An estate to testator's wife for life, then to their named daughter and her children, if any, but should the latter die leaving no children, then to the heirs at law of testator's wife. The wife being dead, and the daughter being her only heir, and there never having been children born of the daughter, the latter takes an estate tail converted by the statute into a fee-simple title, and should she never have children she would take as the heir at law of her mother; and, in either event, her deed would be a valid conveyance of an absolute fee-simple title.

APPEAL by defendant from *Devin, J.,* at the August Term, 1920, of JOHNSTON.

This is an action to recover the purchase price of a tract of land, the defendant refusing to pay and to accept the deed tendered upon the ground that the plaintiffs do not own an indefeasible title in fee.

The plaintiff, Alice Cole, claims under item seven of the will of W. G. Yelvington, which reads as follows:

"Item 7. I give and devise all the remainder of my real estate, wherever situate, to my wife, Mary J. Yelvington, during her natural life; then to my daughter Alice and her children, if any; but if my daughter Alice die leaving no living issue, then to the heirs at law of my wife, Mary J. Yelvington."

It is agreed by the parties:

"1. That the said W. G. Yelvington was the owner in fee of the above described lot at the time of his death, and that it was a part of the lands conveyed by said item seven above set out.

"2. That Mary J. Yelvington died on ......, June, 1920, and that Alice Cole, one of the parties hereto, is the same person named as 'my daughter Alice in the above item of said will, and that she is the only child and heir at law of both W. G. Yelvington, deceased, and Mary J. Yelvington, deceased; and that she has no children, and has never had any child or children."

Judgment in favor of the plaintiff, and defendant appealed.

*Ed. S. Abel for plaintiff.*
*Parker & Martin for defendant.*

ALLEN, J. The doubt that arises as to the title is upon the contingency that children of the plaintiff Alice may be hereafter born, and

would be well founded if the devise to the children was in remainder to take effect after the death of Alice, as "a bequest or use limited to the children of A. after an estate to her for life remains open, so as to take in all the children she may have at her death." *Dupree v. Dupree,* 45 N. C., 168, approved in *Powell v. Powell,* 168 N. C., 562.

The devise is to "Alice and her children," and "As early as the time of Lord Coke, it was held in *Wild's case,* 6 Rep., 17, that where lands are devised to a person and his children, and he has no child at the time of the devise, the parent takes an estate tail; for it is said that 'the intent of the devisor is manifest and certain that the children (or issues) should take, and, as immediate devisees, they cannot take, because they are not in *rerum natura;* and by way of remainder they cannot take, for that was not his (the devisor's) intent, for the gift is immediate; therefore, such words shall be taken as words of limitation.' But, it is said in the same case, that 'if a man devise land to A. and his children or issue, and he then has issue of his body, there his express intent may take effect according to the rule of the common law, and no manifest and certain intent appears in the will to the contrary; and, therefore, in such case they shall have but a joint estate for life.' " *Moore v. Leach,* 50 N. C., 90.

The principle that an estate to A. and her children, when there are children, "vests the present interest in them as tenants in common" is affirmed in *Candor v. Secrest,* 149 N. C., 205, and in *Cullens v. Cullens,* 161 N. C., 344, and that if there are no children, that A. would take an estate in tail at common law, which has been converted into a fee by statute, in *Silliman v. Whitaker,* 119 N. C., 92; *Lewis v. Stancil,* 154 N. C., 326, the Court saying in the last case: "In *Silliman v. Whitaker,* 119 N. C., 92, it was said: 'It was settled in *Wild's case,* 6 Rep., 17 (3 Coke, 288), decided 41 Elizabeth, that a devise to B. and his or her children, B. having no children when the testator died, is an estate tail. If he have children at that time, the children take as joint tenants with the parent. This has been uniformly held in England.' The late case in the House of Lords, *Clifford v. Koe,* 5 App., 447, was cited, which approved *Wild's case,* opinions being delivered *seriatim* by Lord Chancellor Selborne, Lord Hatherly, Lord Blackburn, and Lord Watson, who unanimously sustained *Wild's case,* stating that 'for these three hundred years it has been the uniform ruling in England.' "

This being the correct rule of construction, and it being kept in mind that the life tenant, Mary J. Yelvington, is dead, and that no children have ever been born to the daughter Alice, the devise would read to "my daughter Alice in fee, but if she die leaving no living issue, then to the heirs at law of my wife, Mary J. Yelvington," and, if so, if children are

born, she has the fee, and if there are no children, she would still be the owner in fee as the only heir of Mary J. Yelvington, and, in either event, can convey in fee.

We are therefore of opinion the deed of the plaintiffs will pass a good title.

Affirmed.