N. W. BOYETTE ET AL. v. A. S. BARNES, EXECUTOR OF ALICE COLE, DE-
CEASED, AND THE METHODIST ORPHANAGE OF RALEIGH, NORTH
CAROLINA.

(Filed 29 June, 1932.)

**Appeal and Error L c—Where rights under a will have been adjudicated
the decision becomes rule of property and is conclusive.**

Where the rights of a devisee under a will have been determined in a
former appeal to the Supreme Court, the decision becomes a rule of
property and is determinative of the rights of the parties, and in a
later action brought by those claiming under the parties to the former
action the former judgment is conclusive.

CIVIL ACTION, before *Cowper, Special Judge,* at January Special
Term, 1932, of JOHNSTON. Judgment was rendered upon "an agreed
statement of facts."

William G. Yelvington died in 1907, leaving a last will and testa-
ment. At the time of his death he was the owner in fee simple of the
lands in controversy. He left a wife, Mary J. Yelvington, and one
daughter, Alice Yelvington, who married W. W. Cole. In items 4 and
7 of the will of William G. Yelvington he devised the land in controversy
to his wife, Mary J. Yelvington, during her natural life and then to
his daughter, Alice. Item 7 is as follows: "I give and devise all the
remainder of my real estate wherever situate, to my wife Mary J. Yel-
vington during her natural life, then to my daughter Alice and her chil-
dren, if any, but if my daughter Alice die leaving no living issue then
to the heirs at law of my wife Mary J. Yelvington in fee." Mary J.
Yelvington died in 1920, and the plaintiffs are her brothers and sisters,
and the children of a deceased sister who died intestate. Alice Yelving-
ton Cole died on 15 May, 1931, leaving a last will and testament in
which she devised in item 7 thereof all of her real estate to the defend-
ant, Methodist Orphanage at Raleigh, North Carolina. The plaintiffs
claiming to be the heirs at law of Mary J. Yelvington under the will of
William G. Yelvington, instituted an action against the Orphanage,
alleging that they were the owners in fee of the land described in the
complaint. The defendant, Orphanage, claimed the land under the will
of Alice Yelvington Cole.

The trial judge decreed that the defendant Orphanage was the owner
of all the land in controversy in fee and entitled to the immediate pos-
session thereof, from which judgment the plaintiff appealed.

*Abell & Shepherd and Geo. K. Freeman for plaintiffs.*
*Biggs & Broughton for defendants.*

PER CURIAM. The will of W. G. Yelvington was construed by this Court in an opinion filed 29 September, 1920, in the case of *Cole v. Thornton,* 180 N. C., 90. In disposing of the question the Court said: "This being the correct rule of construction, and it being kept in mind that the life tenant, Mary J. Yelvington, is dead, and that no children have ever been born to the daughter Alice, the devise would read 'to my daughter Alice in fee, but if she die leaving no living issue, then to the heirs at law of my wife, Mary J. Yelvington,' and, if so, if children are born, she has the fee, and if there are no children, she would still be the owner in fee as the only heir of Mary J. Yelvington, and, in either event, can convey in fee."

The original record in *Cole v. Thornton, supra,* discloses that it was contended that W. G. Yelvington did not intend to convey to his daughter Alice a fee simple but only a life estate, "or at most an estate in common with her children, if any, which would make her present estate contingent upon her dying without leaving living issue." Consequently, it is clear that the identical proposition now in controversy was expressly adjudicated in the case of *Cole v. Thornton, supra.* If the construction of the will of William G. Yelvington were an open question, there might be a sharp division of opinion upon the merits of the controversy, but the former opinion of the Court in *Cole v. Thornton* has become a rule of property and determinative of the rights of the parties.

Affirmed.