E. H. ROBERSON AND WIFE, REBECCA ROBERSON, v. W. O. GRIFFIN.

(Filed 21 February, 1923.)

**Estates—Heirs—Fee Simple—Husband and Wife—Entirety—Right of Survivorship—Deeds and Conveyances.**

An estate to a husband and wife for life, and at their death to their heirs: *Held*, the word "heirs" was used in its technical sense as heirs general, and not to mean children, carrying the estate in entirety to the husband and wife, under the rule in *Shelley's case;* and under the principle of the right of survivorship, still effective under our law in such cases, the husband after the death of his wife would take the fee simple, and could make a valid conveyance of the same.

APPEAL by plaintiffs from *Kerr, J.,* in chambers at Nashville, 1 February, 1923, from MARTIN.

Controversy without action, submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey certain land to the defendant, executed and tendered a deed therefor and demanded payment of the purchase price as agreed. The defendant declined to accept the deed and refused to make payment, claiming that the title offered was defective.

Upon the facts agreed, the court, being of opinion that the deed tendered was insufficient to convey a good and indefeasible title, gave judgment for the defendant; whereupon the plaintiffs excepted and appealed.

*Dunning, Moore & Horton for plaintiffs.*
*No counsel for defendant.*

STACY, J. On the hearing, the title offered was properly made to depend upon the construction of the following clauses in the deed from Asa T. Peel to E. H. Roberson and wife, Laura M. O. Roberson, under which plaintiffs acquired title to the *locus in quo:*

"That the said Asa T. Peel, in consideration of natural love and affection for his niece and her husband, E. H. Roberson, and for his services for me in caring for me for a number of years past, and so long as I shall live as hereby acknowledged, has bargained and sold, and by these presents does bargain, sell, and convey to said E. H. Roberson and wife, Laura M. O. Roberson, a life estate in, and at their death to their heirs all the right, title, and interest in the lots of land herein described, excepting my life estate in the same; described and bounded as follows:"

Description not in dispute.

"To have and to hold the said three tracts of land above described, and all privileges and appurtenances thereunto belonging to the said E. H. Roberson and wife, Laura M. O. Roberson, for their natural lives

and after the death of both of them to their heirs and assigns to their
only use and behoof forever, upon the special condition that my life
estate is herein reserved."

The case states that Laura M. O. Roberson died on 14 October, 1918,
since which time the plaintiff, E. H. Roberson, has married again, his
present wife being named Rebecca Roberson, and she is a plaintiff herein.
Laura M. O. Roberson is survived by seven children, two of age and five
still minors.

The one serious question presented for our consideration is whether
the deed of Asa T. Peel to E. H. Roberson and wife, Laura M. O.
Roberson, conveyed merely a life estate by the entirety to the grantees,
or whether they took a joint estate in fee simple under the rule in
*Shelley's case.*

It is contended by the defendant that the life estate being given to a
husband and his wife and the remainder "after the death of both of
them to their heirs," takes the case out of the operation of the rule,
because, it is alleged, the word heirs is not here used in its proper techni-
cal sense. The basis of this argument is that "their heirs" must be the
heirs of both, and that nobody can be the heirs of both except the children
of both. Hence, it is contended that the word "heirs" in this deed is
equivalent to children, and that therefore it is not a word of limitation,
but a word of purchase. *May v. Lewis,* 132 N. C., 115. We think the
law has been declared otherwise, in principle at least, in *Cotten v.
Moseley,* 159 N. C., 1, and *Walker v. Taylor,* 144 N. C., 175. See, also,
note, 29 L. R. A. (N. S.), 995.

In *Auman v. Auman,* 21 Pa., 343, a case practically on all-fours with
the one at bar, it was held that a conveyance of land to A. and his wife
for and during the term of their natural lives, or during the life of the
survivor, and "after the decease of the said A. and wife, unto the lawful
heirs of them, the said A. and wife, in fee simple," gives to the first
takers a joint estate in fee. It was further held that the whole estate
went to the survivor, and a conveyance by the wife after the death of the
husband gave the grantee an estate in fee simple. Under this decision,
the principles of which we think are applicable to the instant case, it
follows that E. H. Roberson, upon the death of his wife, Laura M. O.
Roberson, became the absolute owner in fee of the property sought to be
conveyed. The contrary holding below will be reversed, and judgment
will be entered for the plaintiffs.

Reversed.