BERTHA TURNER, ADMINISTRATRIX, ET AL. v. ALLEN TURNER ET AL.

(Filed 28 March, 1928.)

1. **Deeds and Conveyances — Construction and Operation — Estates and Interests Created.**

A deed of land to a man and his wife by name, during the terms of their natural lives "and after the death of both of them, then to their children in fee simple," confines the takers under the limitation to the children of that marriage and excludes the children of the husband of a second marriage after the death of his first wife.

**2. Deeds and Conveyances—Construction and Operation—General Rules of Construction.**

> The limitation over by deed may be construed, as in the present case, to effectuate the grantor's intent taken with regard to the circumstances surrounding him at the time of the conveyance, and the subject-matter thereof.

APPEAL by plaintiffs from *Devin, J.,* at February Term, 1928, of ROBESON.

Controversy without action submitted on an agreed statement of facts, which, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:

On 13 October, 1902, a tract of land, the *locus in quo,* was duly conveyed "to Alfred Turner and wife, Minerva Turner, during the term of their natural lives and after the death of each and both of them then to their children in fee simple."

On said date Alfred Turner and wife, Minerva Turner, had seven children, defendants herein. No other child was born to this union.

After the death of Minerva Turner, Alfred Turner intermarried with Bertha Turner, and to this union three children were born, who, with their mother, are plaintiffs herein. Alfred Turner died intestate 8 April, 1927.

It is the contention of the plaintiffs, children of the second marriage, that they share with the defendants, children of the first marriage, as tenants in common, in the land acquired under the deed aforementioned and owned by Alfred Turner at the time of his death.

From a judgment in favor of defendants, the plaintiffs appeal, assigning errors.

*George L. Grantham and Johnson, Johnson & Floyd for plaintiffs.*
*E. J. Britt and Varser, Lawrence, Proctor & McIntyre for defendants.*

STACY, C. J. The parties to the present proceeding, having a question in difference which might properly become the subject of a civil action, have submitted the same for determination without action, upon an agreed statement of facts, as authorized by C. S., 626.

The question to be determined is whether the children of a second marriage share with the children of their father by a prior marriage, as tenants in common, in real property acquired during the first marriage under a deed conveying said property to the father and his then present wife, naming her, "during the term of their natural lives and after the death of each and both of them then to their children in fee simple."

The trial court was of the opinion, and so held, that, under the decision in *Williams v. Williams,* 175 N. C., 160, 95 S. E., 157, the

children of the first marriage alone were entitled, as remaindermen, to the land acquired under this deed. In this we find no error.

The words "their children" may be used in an inclusive sense to designate the children of the husband and wife and the children of either, and in an exclusive sense to designate the children of the husband and his then present wife or of the wife and her then present husband. Neither law nor common usage has affixed such unvarying meaning to the word "their" as to prevent its appropriate use for either purpose. Hence, in determining the sense in which such words are used in a contract, will or deed, regard must be had to the circumstances, and the intent of the parties, as well as to the subject-matter. *Lehman v. Lehman,* 215 P. A., 344. In the instant case we think the words "their children" were used in an exclusive sense, meaning simply the children of Alfred Turner and his then present wife, Minerva Turner.

The principles announced in *Roberson v. Griffin,* 185 N. C., 38, 115 S. E., 824, are not applicable to the facts of the present record.

It follows from what is said above that the judgment of the Superior Court is correct.

Affirmed.