H. V. EDGERTON, N. L. EDGERTON, GLENN EDGERTON, GARLAND LEE EDGERTON, CARL JULIUS EDGERTON AND PAUL WESTEY EDGERTON v. WILLIAM O. HARRISON AND WIFE, EMMA HARRISON.

(Filed 23 March, 1949.)

**1. Deeds § 11—**

In construing a deed, the order and historic importance of the several parts and clauses have been given less emphasis in applying the rule that the intention of the grantor must be gathered from the four corners of the instrument.

**2. Same—**

Settled rules of law or of property as well as established public policy will be given effect when properly applicable regardless of intent or even in contravention of it.

**3. Deeds § 13b—**

The rule in *Shelley's case* is a rule of property and not of construction, and the rule will be applied where there is a limitation over after a freehold estate to the heirs general or heirs of the body of the first taker unless it is apparent that the word "heirs" is used to describe a class to take by purchase.

**4. Same.—**

    The deed in question conveyed to husband and wife a life estate and expressed grantor's intent to convey only a lifetime right to said grantees, with provision that said grantees should have and hold said tract of land during their natural lives and then to the heirs of the body of the *feme* grantee. *Held:* The husband took only a life estate, and the conveyance being to the wife and then to the heirs of her body, the rule in *Shelley's case* applies, and the estate in fee tail conveyed to the wife is converted by G.S. 41-1 into a fee simple absolute.

PLAINTIFFS' appeal from *Williams, J.,* October Term, 1948, JOHNSTON Superior Court.

Plaintiffs brought this action to recover of the defendant certain lands lying in Johnston County, alleging their ownership, and possession thereof by the defendant. The defendant denies that plaintiffs have any right to the lands in question and sets up sole title in himself.

The parties are agreed upon the documents, transactions and acts through which the title must be traced to the true owner, but disagree as to the proper interpretation thereof.

The title in dispute stems from a deed of conveyance, a copy of which is attached to the complaint, and admitted by defendant to be correct, and to constitute the title under which, by *mesne* conveyance, they both claim.

The deed in question was made by Sallie Wiggs, grantor, to her daughter, Sophronia Edgerton and husband, Fernando Edgerton, grantees, conveying to them a life estate in the premises with certain limitations noted below. Sallie Wiggs, Sophronia and Fernando Edgerton, the named grantees, are all dead, the husband predeceasing the wife. The plaintiffs, respectively are sons and grandsons of Sophronia and Fernando. The deed purports to "sell and convey to said F. C. Edgerton & Sophronia Edgerton a life estate in and to a certain tract or parcel of land" described, and immediately provides, "The grantor, Sallie Wiggs, reserves for herself a lifetime right in the above described land . . . And for a better understanding and the true intent of this conveyance I only intend to convey to F. C. Edgerton & Sophronia Edgerton a lifetime right to said above described land after my death. To have and to hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said F. C. Edgerton & Sophronia Edgerton during their natural life and then to the heirs of the body of Sophronia Edgerton, to their only use & behoof forever."

Fernando C. Edgerton and his wife, Sophronia, conveyed the lands in dispute to Edward E. Rhodes, Trustee, of the Mutual Benefit Life Insurance Company, and the deed of trust was afterwards foreclosed and deed of the trustee executed to the said Mutual Benefit Life Insurance Com-

pany, which latter corporation conveyed the same in fee to the defendant William O. Harrison, who now holds by virtue of the said deed. .

When the case was called for trial the defendant moved for judgment upon the pleadings to the effect that he was the owner and entitled to the possession of the lands in dispute, and that the plaintiffs had no interest therein. The court being of the opinion that the pleadings raised no issues of fact but only the legal construction of the deed of Sallie Wiggs, granted defendant's motion and entered judgment accordingly. The plaintiffs objected, excepted and appealed. '

*Abell, Shepard & Wood—By: Larry F. Wood—for plaintiffs, appellants.*

*Moore & Brinkley and Battle, Winslow & Merrill for defendants, appellees.*

SEAWELL, J. The one question posed on this appeal is whether the deed of Sallie Wiggs, by application of the rule in *Shelley's case,* conveyed to Sophronia Edgerton a fee simple estate in the disputed lands. The affirmative answer to this question given in the lower court must be affirmed.

The appellants stress the following declaration appearing immediately before the *tenendum* clause: "And for a better understanding and the true intent of this conveyance, I only intend to convey to F. C. Edgerton and Sophronia Edgerton the lifetime right to said land after my death." They urge that this intent be observed in the construction, citing *Triplett v. Williams,* 149 N.C. 394, 63 S.E. 79, and later precedents in accord. They insist that "the intention of the parties is the main object of all constructions," and particularly those applying to deeds.

It is true that rules of construction applied to deeds of conveyance have been greatly relaxed in modern practice, so that emphasis is no longer placed on the order of succession and relative historic importance of the several parts and clauses; and that the intention is to be gotten from the "four corners," as in other instruments.

The whole subject of estates in land, their creation and relationship, is highly technical, and the conveyancer may expect to meet with settled rules of law or rules of property and established public policy which operate in disregard, or even in contravention, of intent. In that event the collateral expression of intent will not avail.

Speaking of the rule in *Shelley's case,* it is said in *Nichols v. Gladden,* 117 N.C. 497, 501, 23 S.E. 459, "A declaration, however positive, that the rule shall not apply or that the estate of the ancestor shall not continue beyond the primary expressed limitation, or that his heirs shall take by purchase and not by descent, will be unavailing to exclude the rule

. . . the rule is one of property and not of construction." In this the Court adopts the language of *Daniel v. Whortenby,* 17 Wall. 639. The opinion further says, (adopting the expression in 2 Wash. 273) :

> "Whenever the rule does apply it is as a rule of the common law so imperative that though there be an expressed declaration that the ancestor shall only have a life estate it will not defeat its union with the subsequent limitation to his heirs."

In the instant case, however, the expressed intent that Sophronia should have no more than a life estate is not inconsistent with, but actually in aid of the limitation to the "bodily heirs," in creating an estate in fee tail, which the statute converts into a fee simple absolute. G.S. 41-1 (see stat. 1784, C. 204, S. 5).

The rule in *Shelley's case,* invoked by the defendant, obtains here and is controlling.

As understood here, it covers the situation where the limitation is to bodily heirs, (where there is nothing apparent to indicate that the expression refers to bodily heirs as a *"descriptio personarum,"* or a limited class who might take by purchase), as well as where the limitation is to heirs general.

In *Nichols v. Gladden; supra,* p. 500, the rule is stated as follows :

> "That when the ancestor by any gift or conveyance taketh an estate of freehold and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs, in fee or in tail, the words 'heirs' is a word of limitation of the estate and not a word of purchase. The definition is taken from 1 Coke, 104."

The very comprehensive opinion of *Chief Justice Stacy,* speaking for the Court in *Welch v. Gibson,* 193 N.C. 684, 687, 138 S.E. 25, (q. v.), adopts the rule as stated by Chancellor Kent in his Commentaries, (4 Kent Com. 215) as follows :

> "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs or heirs of his body, as a class of persons to take in succession from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate." 1 Prest. Est. 263.

In the particular case it is to be noted that the limitation of the life estate is to Fernando Edgerton and Sophronia Edgerton, husband and

wife. This limitation of the life estate to two persons introduces no element to defeat the application of the rule. The effect would be only that Sophronia's estate in fee simple absolute would have been subject to the life estate of her husband, Fernando, and the record shows that she survived him.

In that respect and others, the factual situation in the instant case is on all fours with those in *Rawls v. Roebuck,* 228 N.C. 537, 46 S.E. 2d 323; and the succinct but ample opinion of *Mr. Justice Denny* in that case is controlling here.

The pleadings and admissions of the parties contain sufficient facts to make the issue entirely one of law, and the motion for judgment on the pleadings was properly allowed. The correct conclusion was reached, and the judgment is

Affirmed.