SHUFORD DULL, EARLY DULL, NEWTON DULL, CLYDE DULL, PAUL DULL, HAROLD DULL, ETHEL YARBOROUGH, ERLINE BROWN, AND EMILY BELL DULL, WIDOW OF ELI DULL, DECEASED, v. W. H. DULL AND WIFE, GRACIE MAE DULL.

(Filed 11 October, 1950.)

**1. Deeds § 11—**

In the interpretation of a deed, the intention of the grantor must be gathered from the four corners of the instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable, or a provision which is contrary to public policy or runs counter to some rule of law.

**2. Deeds § 13a—**

The granting clause in a deed ordinarily controls whenever it is repugnant to the proceeding or succeeding recitals.

**3. Same—**

A conveyance to a man and his wife by name for life or during the widowhood of the named wife, then to their bodily heirs equally "including the two illegitimate children as above named" in the premises, *is held* to convey the estate to the husband and the wife named and the children of that marriage, to the exclusion of a subsequent wife and children of the second marriage of the husband.

APPEAL by defendants from *Rudisill, J.,* at February Term, 1950, of YADKIN.

This is a civil action instituted for the purpose of obtaining an interpretation of a deed, the pertinent parts of which are as follows:

"This Indenture made the 24th day of December, 1869, between Giles Joyner of the first part and William I. Dull and wife, Nancy M. and their bodily heirs including two illegitimate, Wm. R. & Nancy M. born of Nancy M. before marage of the second part all of the County of Yadkin & State of North Carolina.

"Witnesseth that the said party of the first part for and in consideration of the sum of Eleven dollars & 50 cents to him in hand paid by the said Wm. I. Dull and Receipt is hereby fully acknowledged and the Love and affection he hath for his grand son W. I. Dull and wife, N. M. and their children Including the two illegitimate W. R. & N. M. all of which is hereby fully acknowledged by the party of the first part and hath Deeded granted, bargained & sold & given unto the said partys of the second part as follow to wit to the said William I. Dull & wife, Nancy M. during their natural life or Nancy M. widowhood then to their bodily heirs equally Including the two Illegitimate children as above named, all that tract, piece or parcel of land lying and being in the County of Yadkin," (*sic*) etc.

It was agreed that his Honor should hear and determine this matter upon the pleadings, orders and stipulations.

1. It is stipulated that Nancy M. Dull died, leaving surviving her, her husband, William I. Dull, and eight children.

2. That thereafter William I. Dull married Amanda Dull, to which union there were born eight children.

3. That William I. Dull died 8 January, 1929, and left surviving him his widow, Amanda Dull, and his sixteen children by his first and second wives.

4. That the eight children of William I. Dull and Nancy M. Dull conveyed all their right, title and interest in and to the lands in controversy to their step-mother, Amanda Dull.

5. That Amanda Dull has conveyed the land in question to the defendants, reserving to herself a life interest.

6. That the defendant, W. H. Dull, is a child of the second marriage and has obtained deeds from three of his sisters of said marriage, purporting to convey their interest in the premises.

It is the contention of the plaintiffs that the children of the second marriage took an interest, as tenants in common, with the children of the first marriage, in the land acquired under the Joyner deed and owned by William I. Dull at the time of his death, and that the plaintiffs Shuford Dull, Early Dull and Newton Dull, children of the second marriage, each own a one-sixteenth undivided interest in said lands, and that Eli Dull, a child of the second marriage, having died in 1948 leaving surviving him his widow, Emily Bell Dull, and five children, to wit, Clyde Dull, Paul Dull, Harold Dull, Ethel Yarborough and Erline Brown; that his children own a one-sixteenth interest therein, subject to the dower right of their mother, Emily Bell Dull.

The court below entered judgment in favor of the plaintiffs. The defendants excepted and appealed.

*Hall & Zachary for plaintiffs.*
*Allen & Henderson and F. D. B. Harding for defendants.*

DENNY, J. In the interpretation of a deed, the intention of the grantor must be gathered from the four corners of the instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable, or a provision which is contrary to public policy or runs counter to some rule of law. *Ellis v. Barnes,* 231 N.C. 543, 57 S.E. 2d 772; *Edgerton v. Harrison,* 230 N.C. 158, 52 S.E. 2d 357; *Boyd v. Campbell,* 192 N.C. 398, 135 S.E. 121; *Willis v. Trust Co.,* 183 N.C. 267, 111 S.E. 163; *Springs v. Hopkins,* 171 N.C. 486, 88 S.E. 774.

The plaintiffs are relying upon the case of *Roberson v. Griffin,* 185 N.C. 38, 115 S.E. 824, for an affirmance of the judgment entered below. While the defendants are relying upon *Turner v. Turner,* 195 N.C. 371, 142 S.E. 224, and *Williams v. Williams,* 175 N.C. 160, 95 S.E. 157, for a reversal.

We think the grantor, in using the words "bodily heirs" in the premises in connection with the description of the grantees, had in mind the children of William I. Dull and his wife Nancy M. Dull. The granting clause in a deed, however, and not the premises, ordinarily controls whenever it is repugnant to preceding or succeeding recitals. *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624; *Maberry v. Grimsley,* 208 N.C. 64, 179 S.E. 7; 16 Am. Jur. 575.

In the instant case, the granting clause conveys the property described to William I. Dull and wife Nancy M. Dull, during their natural lives or during the widowhood of Nancy M. Dull, then to their bodily heirs equally, including the two illegitimate children theretofore named.

In our opinion the grantor, in using the words "bodily heirs" in the granting clause, did so as a *"descriptio personarum,"* and that the estate granted was for the natural lives of William I. Dull and wife, Nancy M. Dull, or during the widowhood of Nancy M. Dull, and then to the children born of the first marriage, including the two named illegitimate children.

In this connection it should be noted that Nancy M. Dull was conveyed only an estate for life or during her widowhood. Therefore, it would seem the words "their children" were used in an exclusive sense, meaning the children of William I. Dull and his then present wife, Nancy M. Dull, including the two illegitimate children born to them before marriage.

This view is supported by the decisions in *Turner v. Turner, supra,* and *Williams v. Williams, supra.* And, as stated in the *Turner case,* the principles announced in *Roberson v. Griffin, supra,* are likewise not applicable to the facts in this case.

The judgment below is

Reversed.