**Robert H. THOMSON et al.,**
**Appellants,**

v.

**Lois Eunice PHILIPS et al.,**
**Appellees.**

**No. 13755.**

Court of Civil Appeals of Texas.
San Antonio.
May 24, 1961.

Rehearing Denied June 21, 1961.

Oliver & Oliver, Emmett J. Rahm, San Antonio, for appellants.

Trueheart, McMillan, Russell & Westbrook, Ralph E. Cadwallader, Bruce Waitz, Leslie J. Bretz, San Antonio, for appellees.

POPE, Justice.

Robert H. Thomson sued the National Bank of Commerce, independent executor and trustee of the Ella Thomson estate, and all of the named beneficiaries under Ella Thomson's will. Those beneficiaries are plaintiff's three children born of his marriage to Lois Eunice Thomson Philips. He also sued Melody Gay Thomson, his minor child born of a later marriage. He asked for removal of a cloud from the title to property which he claims as the sole heir of Ella Thomson. Plaintiff contends that the Ella Thomson will is void because it is in violation of the rule against perpetuities, and since it is void, the estate descended to her heirs. He claims that he is the sole

heir by reason of his adoption by Ella Thomson and her husband, John Thomson. The minor, Melody Gay Thomson, has answered and, through a guardian ad litem, asserts rights in the Ella Thomson estate under a deed from her father, Robert H. Thomson, and, alternatively, under the terms of the Ella Thomson will. We shall separately discuss the claims of Robert H. Thomson and the minor, Melody Gay Thomson.

Robert H. Thomson's contention *that he is the sole heir as the adopted child* of Ella Thomson is immaterial to the decision of this case, inasmuch as Ella Thomson's will cut him off, if he be an heir. The validity of the Ella Thomson will is res judicata as to Robert H. Thomson. Ella Thomson died and her will was admitted to probate without contest in May, 1955. No suit to set the probate aside has ever been filed. In April, 1955, Robert H. Thomson's former wife, Lois Eunice, filed a suit to obtain a construction of the will. She sued the Bank, as executor and trustee, and all persons named as beneficiaries in the will. She also sued Robert H. Thomson, and he answered in that suit. On October 1, 1959, the District Court for the 131st Judicial District entered a final judgment construing the will, and from that judgment Robert Thomson did not appeal.

Robert H. Thomson and all other parties were in court for the purpose of discovering the intent and effect of the will. In the course of those proceedings he did not question the validity of the will. Under Rule 97(a), Texas Rules of Civil Procedure, Robert H. Thomson should then have asserted any counterclaim he may have had. 2 McDonald, Texas Civil Practice, § 7.49. A party cannot litigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter. And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. Freeman v. McAninch,

87 Tex. 132, 27 S.W. 97. The validity of the will is res judicata as to Robert H. Thomson and cannot here be litigated again. Bearden v. Texas Co., Tex.Com.App., 60 S.W.2d 1031; Ely v. Moore, Tex.Com.App., 11 S.W.2d 294; Lacy v. Carson Manor Hotel, Inc., Tex.Civ.App., 297 S.W.2d 367; accord, United States v. Eastport Steamship Corp., 2 Cir., 255 F.2d 795; United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, 216.

■ Melody Gay Thomson asserts rights to one-fourth of the Ella Thomson estate under a deed from her father. The showing on the motion for summary judgment is that Robert H. Thomson executed the deed on July 19, 1960, in place of a like deed which was lost. The lost deed was executed on October 1, 1959, immediately after the judgment was entered by the 131 District Court. That was the judgment to which Robert H. Thomson was a party and from which he made no appeal. It is res judicata as to him. Insofar as Melody's claim under this deed is concerned, she is in privity with her father. All persons are privies to a judgment whose succession to the rights of property thereby adjudicated was derived through or under one or the other of the parties to the action and accrued subsequent to the commencement of that action. Morrison v. Cloud, Tex. Civ.App., 13 S.W.2d 735, 737; Home Trading Co. v. Hicks, Tex.Civ.App., 296 S.W. 627, 630. Robert H. Thomson's deed to his daughter after the judgment, so far as her rights under the deed are concerned, does no more than make her successor to his title. As successor, she too is bound by the judgment, the effect of which is to hold that the Ella Thomson will is valid. Bussan v. Donald, Tex.Civ.App., 244 S.W.2d 271, 273.

■ Melody must recover, if at all, upon her alternative pleading that the will is valid and that she falls within the terms of that instrument. We now shall examine the will. There are several paragraphs in the will which are helpful in understanding the testatrix's intent.[1] She devised her property, not merely for her grandchildren, but she specified who they are, by saying, "being the children of my son, Robert H. Thomson, and his wife, Lois Eunice Thomson." That definition would eliminate Melody. The testatrix then authorizes a part of the net income to be paid over to Robert or Lois Thomson for the current care, maintenance and education "of their children." This again eliminates Melody. The testatrix then states what she means by her earlier provisions for an education, by

[1] "3. I give and devise the property at 1615 Broadway, lying and being situated in the City of San Antonio, Bexar County, Texas, and legally described as lot 10, in new city block 964, in fee simple title, to the National Bank of Commerce of San Antonio, a national banking corporation with trust powers, in trust, however, for the following purposes:

"(a) For the care, maintenance and education of my beloved grandchildren, being the children of my son, Robert H. Thomson, and his wife, Lois Eunice Thomson.

"(b) I direct that one-fourth of the net income from this trust be paid over monthly to either Robert H. Thomson or Lois Eunice Thomson, for the current care, maintenance and education of their children, who presently are: John Dee Thomson, who was 11 years of age on May 19, 1951, and Robert H. Thomson, Jur., who was 9 years of age on February 17, 1951, and James E. Thomson, who was 4 years of age on September 27, 1951; these monthly payments to begin three months after my death.

"(c) The remainder of the net income, namely, three-fourths, is to be added to the corpus of this trust.

"(d) I direct that my grandchildren be given a college or university education, and that my trustee hereinbefore named, provide the funds for their attendance out of either the income or the corpus of this trust.

"(e) This trust shall continue until the youngest of my grandchildren then living, shall attain the age of 25 years, when it shall terminate. Upon such termination this trust shall at once cease, and the trust assets, less all proper deductions, shall be paid over and delivered, free from trust, in kind to the beneficiaries hereinbefore named, in equal shares to each grandchild."

providing in paragraph 3(d) that her grandchildren be given a college or university education. This is the sentence under which Melody claims. This sentence speaks of grandchildren, and Melody is a grandchild. However, the sentence is explaining what testatrix means by the term "education" as used in paragraphs 3(a) and 3(b) of the will, which paragraphs provide that educational benefits should go to the children of Robert and Lois Eunice. Paragraph 3(e) disposes of the trust upon termination, to the "beneficiaries hereinbefore named." This again excludes Melody, who was not named. Looking at the four corners of the will, the testatrix intended, as held by the trial court, to devise her property in trust for the benefit of children born of the marriage between Robert H. and Lois Eunice Thomson. Evans v. Opperman, 76 Tex. 293, 301, 13 S.W. 312; Turner v. Turner, 195 N.C. 371, 142 S.E. 224.

The judgment is affirmed.