**Virginia Price BAILEY, Appellant,**

**v.**

**Asalie Key PRICE et al., Appellees.**

**No. 4620.**

Court of Civil Appeals of Texas, Eastland.

May 4, 1973.

Rehearing Denied June 8, 1973.

Kennedy & Minshew, Jack G. Kennedy, Sherman, for appellant.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellees.

McCLOUD, Chief Justice.

Appealed from the 106th Judicial District Court of Dawson County.

This is a suit to construe the will of Noble Price who died on November 24, 1970. Plaintiff, Virginia Price Bailey, sued Asalie Key Price, the surviving wife of Noble Price, Pamela McMinn and John V. Price, surviving children of the testator, and Marion Key, in his capacity as Independent Executor of the Estate of Noble Price, deceased. Plaintiff alleged that she was a natural child of the testator, Noble Price, and was entitled to share in the estate by the terms and provisions of the testator's last will and testament. In a nonjury case the court held that plaintiff was not a beneficiary under the will. Findings of fact and conclusions of law were filed. Virginia Price Bailey has appealed. We affirm.

The will of Noble Price was executed on May 29, 1957. The dispute concerns the use of the word "children" in the will. In Section V of the will the testator devises certain property in trust with one equal share ". . . for each of my surviving children . . .". Section VI provides that after the death of the testator's wife, Asalie Price, the trust property should be delivered free of the trust ". . . unto my said children . . .". In Section VII, after certain provisions for termination of the trust are made, the trustee is ordered to distribute the principal of the trust to ". . . my children then living . . ."

No reference is made to children by name until Section XI which provides:

"The only children of mine now living are my son, John V. Price, and my daughter, Pamela Kay Price, but wherever herein my children are referred to, it is my intention to include not only my children above named, but any other children who may be born to my wife and me, or adopted by us."

In determining the actual intent of a testator, as distinguished from an imputed intent derived from some rule of construction, the emphasis is upon the langage of the instrument itself. The sense in which the words were used by the testator is the ultimate criterion, and the court may receive and consider evidence concerning the situation of the testator, the circumstances existing when the will was executed, and other material facts that will enable the court to place itself in the testator's position at the time of execution. Stewart v. Selder, 473 S.W.2d 3 (Tex. Sup.1971); Bailey, Texas Practice, Vol. 10, Sec. 561.

Plaintiff Bailey is the natural and only child of the first marriage of Noble Price which terminated by divorce in 1933. The second marriage of Noble Price was to Asalie Key Price in 1935. To this marriage were born two children, Pamela Price, (now Pamela McMinn) and John V. Price.

The parties stipulated that on May 29, 1957, the date the will was executed, Noble Price knew that plaintiff, Virginia Price Bailey, was alive and in existence.

The trial court found that in the vernacular of Noble Price, during the period of time in which the will was executed, the word "children" was used by Price in his day-to-day life to refer to Pamela Price and John V. Price. Evidence from close friends and business associates support this finding. The testator was a medical doc-

tor. Dr. Black testified that he became a partner with the testator in 1948 and at that time Dr. Price told him that he had been previously married and had a child. Dr. Black testified that he remained very close to the testator until his death and that Noble Price never again mentioned the child. Dr. Stover, another close associate, testified that he never heard the testator mention that he had a daughter by his first marriage. Likewise, Dallas Woods, who served as an accountant for Noble Price never heard Price mention Bailey. The will was drawn by the testator's brother-in-law, Marion Key, an attorney, who testified that Price never mentioned to him that he had a child by a prior marriage. The record shows that Key and the testator maintained a close relationship for many years.

The trial court found that the plaintiff, from 1940 to 1969, visited her father in Lamesa on two occasions. The record reflects that these visits were brief and occurred in 1947 and 1966. The trial court also found that both prior and subsequent to the execution of the will, Noble Price corresponded with plaintiff, but not on any regular, established or frequent basis.

Key drafted the will in Lubbock and mailed the document to Noble Price in Lamesa. In the transmittal letter, Key expressly stated that the will established two trusts, "one for John and the other for Pam". The letter instructed the testator to study the will and if he desired any changes to let Key know and the changes would be made in accordance with testator's wishes. There is no evidence that any changes were requested.

It is clear that the relationship between Noble Price and Virginia Price Bailey was distant and not the normal father-daughter relationship.

Considering the will together with the admissible extrinsic evidence, we

hold that the use of the word "children" in Section XI and in the other sections of the will means Pamela Price and John V. Price and any other children adopted by or born to the marriage of Noble Price and Asalie Key Price. The words "any other children who may be born to my wife and me, or adopted by us" include only children common to Noble Price and Asalie Key Price. Thomson v. Philips, 347 S.W.2d 832 (Tex.Civ.App.—San Antonio 1961, writ ref'd. n. r. e.); Evans v. Opperman, 76 Tex. 293, 13 S.W. 312 (Tex.Sup.1890); Jenkins v. Packington Realty Co., 167 Ark. 602, 268 S.W. 620 (Ark.Sup.1925).

The cases of McMullen v. Block, 168 S.W.2d 667 (Tex.Civ.App.—Austin 1943, writ ref'd. w. o. m.) and Crosson v. Dwyer, 9 Tex.Civ.App. 482, 30 S.W. 929 (Tex.Civ.App.1895, writ ref'd.) cited by plaintiff are distinguishable both from the standpoint of the language contained in the wills and the relationship shown to exist between the parties.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.